■ FREDERICK L. SMITH et al., Respondents, v HOWARD C. SMITH et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered May 13, 1985 in Delaware County, which, inter alia, dismissed defendants' affirmative defense and denied defendants' cross motion to dismiss the complaint.

By agreement dated October 6, 1972, plaintiffs and defendants, as tenants in common of a parcel of real property located in Delaware County (hereinafter the property), granted restrictive options to each other which provided that if either optionor or "his, her or their successors in title have the opportunity and desire to make a bona fide sale of [their interest in the property], he, she, or they" would give the

other cotenant notice and an opportunity to meet the terms of the proposed sale. Subsequently, the relationship between the parties deteriorated and, in August of 1982, plaintiffs offered to buy defendants' interest or sell their interest to defendants for $60,000 or, alternatively, to partition the property. Defendants countered with an offer to buy plaintiffs' interest for $40,000. Plaintiffs declined that offer and commenced this action to partition the property. As an affirmative defense, defendants claimed that plaintiffs were precluded from partitioning the property because they had not complied with the requirements of the restrictive option. Defendants maintained that the agreement constituted a right of first refusal whereby plaintiffs were required to have a bona fide offer from a third party to buy the property before they could sell their interest or request a partition. Plaintiffs asserted that the agreement merely obligated them to first offer the property to the other cotenant before attempting to sell it to a third party. Special Term rendered a bench decision which is not a part of the record and granted an order dismissing defendants' affirmative defense based upon noncompliance with the restrictive option. This appeal by defendants ensued.

Initially, we agree with defendants that the dismissal of their affirmative defense cannot be sustained on the basis that plaintiffs had complied with the terms of the option agreement by merely offering to sell their interest. The written agreement contemplated situations where the optionor shall "have *the opportunity* * * * to make a bona fide sale" (emphasis supplied) of the interest in the property. This was a right of first refusal. Since plaintiffs had no bona fide third-party offer to buy their interest, their offer to sell to defendants did not meet the requirements of the option. Thus, if otherwise valid, the restrictive agreement constituted a legal defense to the action for partition (*see, Chew v Sheldon,* 214 NY 344, 349).

However, although we accept defendants' argument that the agreement should be interpreted as a right of first refusal, that interpretation results in rendering the agreement in violation of the rule against perpetuities (EPTL 9-1.1). Although the option states that it is personal to the optionor and may not be assigned, the agreement is replete with references to successors in interest. Additionally, paragraph 3 of the option states that the option is binding upon "distributees, legal representatives and assigns of the parties". "[T]he inclusion of such words is significant and shows the parties' understanding that the option is to 'extend in duration for an

indefinite period of time' " (*Buffalo Seminary v McCarthy,* 86 AD2d 435, 445, *affd* 58 NY2d 867, quoting Berg, Long-Term Options and the Rule Against Perpetuities, 37 Cal L Rev 235, 264). Since the exercise of the option may occur "later than twenty-one years after one or more lives in being at the creation of the estate", it is invalid under the statute (EPTL 9-1.1 [b]).

Although defendants addressed the perpetuities issue in their reply brief before this court, they also maintain that the issue should not be reached because it was not raised at Special Term. A review of the moving papers supports the contention that the issue was not previously addressed. However, although a judgment generally may not be sustained upon grounds which were not considered in the courts below, on appeal plaintiff may present "any legal argument that may be resolved on the record, regardless of whether it has been argued previously, if the matter is one which could not have been countered by the [defendant] had it been raised in the trial court" (*Sega v State of New York,* 60 NY2d 183, 190, n 2; *see also, Persky v Bank of Am. Natl. Assn.,* 261 NY 212, 218).

Order affirmed, without costs. Mahoney, P. J., Main, Levine and Harvey, JJ., concur.