■ Henry W. Hemsley, Respondent-Appellant, v Robert A. Pannick et al., Appellants-Respondents.—Kane, J. P. Cross appeals from a judgment of the Supreme Court (Lee, Jr., J.), entered February 14, 1986 in Chenango County, upon a decision of the court, without a jury, in favor of plaintiff.

In 1977, defendant Robert A. Pannick (hereinafter defendant) decided to form a corporation known as Consert Homes, Inc., that would be in the business of building or manufacturing homes. Needing money to start his business, defendant approached plaintiff, his treating physician, about a loan. Since defendant owned large amounts of land, plaintiff's accountant suggested that the loan be structured as an option agreement in order that the income to plaintiff would be taxed at the capital gain rate as opposed to the rate for ordinary income, thus giving plaintiff a tax advantage. The parties were told that in order to satisfy the Internal Revenue Service, there had to be an actual agreement to purchase the property. The parties apparently found this type of arrangement acceptable and, thereafter, defendant showed plaintiff various parcels of land that he owned.

Plaintiff's attorney then prepared option agreements for the two parcels that plaintiff selected. The two agreements contained detailed descriptions of the two parcels plaintiff selected options for. On August 3, 1977, plaintiff and defendant signed the first of these agreements wherein defendant is referred to as "seller" and plaintiff is referred to as "buyer". The agreement gave plaintiff the option of purchasing approximately 50 acres of land in the Town of New Berlin, Chenango County. Plaintiff paid defendant $11,000 and the agreement states that the price for the land was $40,000. The option was to be exercised on or before August 4, 1984 at 10:00 A.M. In addition, at any time prior to August 4, 1984, defendant could repurchase the option pursuant to an incorporated schedule.

On that same day, plaintiff signed another instrument which was signed by defendant and his wife, defendant Jeanne L. Pannick. In that instrument, defendants are referred to as "seller" and plaintiff is referred to as "buyer". For the consideration of $19,000, this agreement gave plaintiff the option of purchasing land in the Town of North Norwich, Chenango County. The stated price for the land is $68,850. In all other respects, this option contained the same language as found in the option to purchase property in New Berlin. The subject of interest is not mentioned in either agreement.

Plaintiff paid for the options by check dated August 4, 1977, payable to defendant in the sum of $30,000. An examination of the check reveals that the word "loan" was printed in the lower left corner and that it was indorsed "For deposit only, Robert A. Pannick, Consert Homes, Inc." Subsequently, a handwritten letter signed by plaintiff, dated July 28, 1984, and addressed to defendants, was delivered to them. The letter stated: "I, the undersigned hereby exercise the option given to me under an agreement made Aug. 3, 1977 between you collectively as seller and me as buyer. Please contact your attorney so we can close as promptly as possible."

Upon receipt of plaintiff's letter, defendant consulted an attorney who advised him to accept the request to purchase. An abstract of title of the two parcels was sent to plaintiff's attorney for review. Thereafter, plaintiff's attorney informed defendant that there were clouds on the title and demanded conveyance without additional payments by plaintiff. Defendants demanded additional payment of $29,000 for the New Berlin property and $49,850 for the North Norwich property, or a total of $78,850. There was never any conveyance of the properties by defendants to plaintiff. Moreover, other than the August 4, 1977 check, no other money was exchanged between the parties.

In commencing this action, plaintiff alleged three causes of action. First, plaintiff sought specific performance of the two agreements. Second, plaintiff sought reformation of the agreement declaring that the transactions were in fact loans at 9% per annum. Plaintiff's third cause of action was for moneys had and received as a loan. In their answer, defendants set forth affirmative defenses and counterclaimed for the purchase price of $78,850 called for in the option agreement.

Defendants then moved to amend their answer to include the affirmative defense of usury and moved to dismiss the complaint as against defendant Jeanne L. Pannick with respect to the option agreement she did not sign. Plaintiff cross-moved for summary judgment. Supreme Court permitted amendment of the answer, dismissed the action insofar as requested as against defendant Jeanne L. Pannick and denied plaintiff's request for summary judgment. Subsequently, a nonjury trial was held. At the conclusion of plaintiff's case, Supreme Court, upon motion by defendant, dismissed plaintiff's second and third causes of action concerning the alleged loan, leaving only the cause of action for specific performance of the option agreement. Thereafter, in its written decision dated January 30, 1986, Supreme Court determined that the

instant transaction was a loan with no specified interest and awarded plaintiff $30,000. Judgment was duly entered, and defendants appeal from the whole thereof. Plaintiff cross-appeals from that part of Supreme Court's judgment which denied him accrued interest on the loan.

We affirm, however, for different reasons than those relied upon by Supreme Court. In our opinion, the written option agreements, drafted by plaintiff's attorney, are complete, integrated documents which are unambiguous and not susceptible to alternative interpretations. This being the case, their terms may not, pursuant to the parol evidence rule, be varied, contradicted or supplemented by evidence of a contemporaneous oral agreement (see, Thomas v Scutt, 127 NY 133, 137; Lebowitz v Mingus, 100 AD2d 816, 817-818, appeal dismissed 63 NY2d 675; Richardson, Evidence §§ 601-602, at 598-599 [Prince 10th ed]). Accordingly, Supreme Court's conclusion that the subject transaction was a loan without stated interest was erroneous since such conclusion was based upon improperly admitted parol evidence. Although the parties may have orally agreed that the transaction was to be a loan and only structured the transaction as an option in order to obtain a tax advantage, the fact remains that the parties knowingly structured the transaction as an option and entered into unambiguous written option agreements.

Both of the subject option agreements provide in paragraph 16, entitled "Refund of Deposit", that: "After exercise of the option, in the event Seller is unable to convey a good and marketable title to Buyer the aforesaid sum of [$11,000 in one option and $19,000 in the other] shall be returned to Buyer free of all claim by Seller and none of the parties shall have any further rights or claims against the other." Supreme Court found that defendants were unable to convey good and marketable title to plaintiff after exercise of the option. This finding of fact is supported by the record and, accordingly, pursuant to the terms of the option agreements, plaintiff is entitled to a refund of his deposit, i.e., $30,000. In reaching this conclusion, we have examined the parties' contrary contentions and find them to be unpersuasive. In particular, we note that the record wholly fails to substantiate plaintiff's claim for reformation (see, Slutzky v Gallati, 97 AD2d 561, lv denied 61 NY2d 602).

Judgment affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.