■ ROBERT C. MORRISON, Appellant, v ROGER H. PIPER et al., Respondents.—Weiss, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered May 11, 1989 in Essex County, which denied plaintiff's motion for partial summary judgment.

On December 2, 1977, Lilian Maier conveyed 2.3 acres of property she owned in Essex County by warranty deed to plaintiff, her nephew, retaining to herself some 30 acres. That deed included language creating reciprocal preemptive rights granting each the right of first refusal to purchase the property of the other. The language in relevant part states: "The party of the first part and the party of the second part agree and covenant that during their life each shall have a right of first refusal to purchase the property conveyed and the property retained, respectively. * * * This right of first refusal is intended to bind the party of the second part, his heirs and assigns only during the life of Lilian Teresa Maier[,] the party of the first part and those persons who directly take as a result of a gift by her or by her death. * * * This right of refusal is intended to bind the party of the first part, her heirs and assigns, only during the life of Robert C. Morrison, the party of the second part and those persons who directly take as a result of a gift by him or by his death. This right shall continue until the property is either conveyed or assigned by the donees or beneficiaries or until their death, whichever occurs first."

Maier died in 1980 and bequeathed her 30-acre parcel to her sisters, Elizabeth Brassel and defendants Mary T. Owens and Helen C. Whelehan, as tenants in common. In August 1984, Brassel, Owens and Whelehan executed and recorded three separate deeds conveying approximately one third of the parcel to each individually. An additional 1.24-acre parcel was conveyed by the same three persons to Elizabeth Brassel. Plaintiff executed and acknowledged all four deeds, allegedly for the purpose of consenting to the conveyances. Each contained the following relevant language:

"The above described parcel is subject to a 'right of first refusal' as set forth in the deed given by Lilian Teresa Maier to [plaintiff] * * *.

"[Plaintiff] hereby executed and acknowledged this deed for the purpose of consenting to this conveyance."

Thereafter, Owens and Whelehan each conveyed her respective parcel to defendants Roger H. Piper and Drusilla A. Piper. Plaintiff then commenced this action seeking judgment, *inter alia,* determining the terms of the sales to the Pipers and requiring them to convey the property to him, should he so elect. The complaint alleged a failure to honor plaintiff's right of first refusal and charged that the Pipers purchased with knowledge of his rights. Supreme Court denied plaintiff's motion for partial summary judgment finding that plaintiff did have a right of first refusal which did not violate the common-law rule prohibiting unreasonable restraints on alienation, but which was violative of the rule against perpetuities *(see,* EPTL 9-1.1 [b]). Supreme Court further found that a question of fact existed as to whether plaintiff's execution of the 1984 deeds by Brassel, Owens and Whelehan, which allegedly evidenced his consent to the subdivision of the 30 acres between them also constituted a release of his preemptive right of first refusal.[1] This appeal by plaintiff followed.[2]

The rule against perpetuities (EPTL 9-1.1 [b]) provides, in relevant part, that: "No estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate

---

1. Supreme Court did not address the cross motion for summary judgment by Owens and Whelehan.

2. We note that plaintiff failed to timely serve Owens and Whelehan with a notice of appeal *(see,* CPLR 5513 [a]; 5515 [1]). However, after they received late service of the notice of appeal, Owens and Whelehan defended the appeal. Since the omission appears harmless and without prejudice, we grant an extension of time to cure to plaintiff nunc pro tunc *(see, Peck v Ernst Bros.,* 81 AD2d 940).

and any period of gestation involved. In no case shall lives measuring the permissible period of vesting be so designated or so numerous as to make proof of their end unreasonably difficult." The specific language in the deed from Maier to plaintiff to be tested against this statute is: "This right of first refusal is intended to bind [Maier/plaintiff], [her/his] heirs and assigns only during the life of [Maier/plaintiff] and those persons who directly take as a result of a gift by [her/him] or by [her/his] death. This right shall continue until the property is either conveyed or assigned by the donees or beneficiaries or until their death, whichever occurs first."

Our analysis must focus on the narrow question of whether the right of first refusal may be exercised "later than twenty-one years after one or more lives in being at the creation of the estate [execution of the deed]" (EPTL 9-1.1 [b]), and thus be violative of the statute. The answer is obvious and plaintiff, while not conceding as much, seeks to avoid invalidation by urging that we sever and excise any offensive portion and salvage the remainder (see, e.g., *Matter of Fischer,* 307 NY 149; *Hawthorne v Smith,* 273 NY 291; *Matter of Lyons,* 271 NY 204). Here, since vesting of title may be postponed not only during the life of plaintiff, but perhaps for the lives of his donees and beneficiaries whose number is uncertain, the right of first refusal is invalid (see, EPTL 9-1.1 [b]; 56 NY Jur 2d, Estates, Powers and Restraints on Alienation, § 486, at 552-553).

Having found the preemptive right invalid, we next turn to plaintiff's argument that we heed the intent and dominant purpose manifested by Maier to create and preserve the preemptive right in favor of plaintiff during his lifetime. However, the intent in any instrument creating an interest in real property must be gathered from the entire document and be consistent with law (see, Real Property Law § 240 [3]). Here, the intent to pass the benefits of the preemptive right on to the donees, beneficiaries, heirs and assigns is unequivocally expressed and must be considered (see, *Smith v Smith,* 116 AD2d 810, 811-812; *Buffalo Seminary v McCarthy,* 86 AD2d 435, 444-445, *affd* 58 NY2d 867).

In a further effort to avoid the effect of the rule against perpetuities, plaintiff contends that the right of first refusal in this case should be governed by the holding in *Metropolitan Transp. Auth. v Bruken Realty Corp.* (67 NY2d 156). We do not find that *Metropolitan* compels a different result. The public interest exception to the rule prohibiting remote vesting is limited solely to "commercial and governmental activi-

ties because neither 'lives in being' nor 'twenty one years' are periods which are relevant to business or governmental affairs" *(supra,* at 166).

In *Smith v Smith* (116 AD2d 810, 811-812 *supra),* this court held that where the exercise of a right of first refusal may occur later than 21 years after one or more lives in being at the time the interest in property is created, it is invalid under the statute. The same result must pertain here. Supreme Court correctly denied plaintiff's motion for partial summary judgment. We further find that defendants. are entitled to summary judgment dismissing the complaint against them, which relief should have been, and hereby is, granted.[3] Accordingly, it is unnecessary to reach plaintiff's remaining arguments.

Order modified, on the law, without costs, by granting summary judgment in favor of defendants and dismissing the complaint against them, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

3. As the issue is fundamental to recovery, this court is empowered to search the record and award summary judgment even though the nonmovant did not appeal *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111).