■ ANNA P. SMITH, Respondent, v ESTATE OF EVELYN M. LATRAY et al., Appellants.—Judgment unanimously reversed on the law with costs and plaintiff's motion for summary judgment denied. Memorandum: Plaintiff Anna Smith and her deceased husband, Paul, owned property next to that owned by Dewey and Evelyn LaTray in Cape Vincent, Jefferson County. On August 15, 1958 the Smiths conveyed half of lot 17 of the Pond tract to the LaTrays. At the same time they entered into a separate agreement whereby the LaTrays bound themselves, should they "at any time wish to dispose of or sell" the property, to offer it first to the Smiths for $450. The LaTrays had the same opportunity to buy the other half lot from the Smiths "in the event that the same be sold for the agreed sum of Four Hundred Fifty ($450.00) Dollars." That agreement was neither acknowledged nor recorded.

Dewey LaTray died on September 1, 1983, leaving all his property to Evelyn. She died on January 6, 1987 and by will devised the property to Frederick and Virginia LaPlante. Plaintiff notified the coexecutors of the estate of Evelyn La-Tray that she wished to exercise her option to purchase the half lot for the sum of $450, pursuant to the 1958 agreement. The coexecutors refused plaintiff's request and conveyed the property to the LaPlantes by executor's deed dated August 21, 1987.

Plaintiff then commenced this action to enforce the 1958 agreement. Defendants moved for summary judgment, asserting that the agreement was personal and therefore did not survive the death of Evelyn LaTray, and also that a testamentary transfer did not trigger the option under the agreement. Plaintiff countered that the agreement not to dispose of or sell the land was a covenant running with the land and that the property transfer by will did trigger the option. Supreme Court accepted plaintiff's contentions and granted summary judgment to her.

We disagree with Supreme Court's finding that the language in the agreement, "should at any time wish to dispose of or sell", is unambiguous. Because resolution of the ambiguity does not depend upon extrinsic proof, construction of the provision is a question of law (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172). In construing the provision, we must endeavor to give the agreement a fair and reasonable interpretation in accordance with the intention of the parties as derived from the language used (see generally, 22 NY Jur 2d, Contracts, § 194).

We hold that the language "wish to dispose of or sell"

includes a transfer, either by sale or gift, during the life of the contracting parties, but excludes a testamentary conveyance. The phrase "dispose of" is often used in the restrictive sense of sale (see, Black's Law Dictionary 423 [5th ed 1979]). Furthermore, the agreement provides that the parties alone are bound; heirs and successors are not mentioned. If the parties had wished to specify that the option would be triggered by a testamentary transfer, they could have expressly provided for it. Finally, this construction is supported by the reciprocal provision in the contract wherein the LaTrays were given the opportunity to purchase the remaining half of lot No. 17 from the Smiths "in the event that the same be sold".

The second issue on this appeal is whether the agreement is a covenant running with the land. We find that it is not. A person seeking to establish that a covenant runs with the land must show that such was the intent of the grantor and grantee, that there was privity of estate between the parties, and that the covenant touches and concerns the land (see, Neponsit Prop. Owners' Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 254-255). These elements must be proven by clear and convincing proof (see, Clarke v Caldwell, 132 AD2d 171, 174). Further, the restrictive language in the agreement must be strictly construed against those seeking its enforcement (see, Huggins v Castle Estates, 36 NY2d 427, 430).

Here, plaintiff failed to meet her burden to establish that the parties intended the agreement to be a covenant running with the land. The agreement, in fact, is evidence of a contrary intent because it specifies that the parties "bind themselves" and fails to provide that they bind their heirs and successors. Additionally, the language "to dispose of or sell" does not unequivocally indicate that the option to purchase was enforceable against the heirs of the parties. Because the agreement was personal in nature, it terminated upon Evelyn LaTray's death (see, Gurney, Becker & Bourne v Bradley, 101 AD2d 1012; see also, Amend v Hurley, 293 NY 587). (Appeal from judgment of Supreme Court, Jefferson County, Gilbert, J. —specific performance.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.