■ LEE ADLER, Appellant, v LLOYD C. SIMPSON et al., Respondents. [610 NYS2d 351] —Peters, J. Appeal from an order of the County Court of Greene County (Battisti, Jr., J.), entered June 28, 1993, which, in an action pursuant to RPAPL article 15, granted a motion by defendants Lloyd C. Simpson and Debra D. Hotaling for summary judgment dismissing the complaint against them.

Plaintiff commenced this action pursuant RPAPL article 15 to enforce an agreement that purportedly gave him a preemptive right (also called a right of first refusal) to purchase a tract of land in the Town of New Baltimore, Greene County. In 1972, Laurence Bedell, an 84-year-old widower, sold Martin Kosich 154 acres of land out of a total 222-acre estate that was owned by Bedell. It is contended that Kosich informed Bedell, at the time of purchase, that he desired to have a right of first refusal to the adjacent unimproved 68 acres. While the deed conveying the 154 acres from Bedell to Kosich unequivocally grants such parcel to Kosich as well as to his heirs, successors and assigns, the preemptive right provided in a separate agreement executed on the same date stated as follows:

"FIRST REFUSAL AGREEMENT

"THIS AGREEMENT, made the 16th day of October, 1972, between J. LAURENCE BEDELL * * * party of the first part, and MARTIN KOSICH * * * party of the second part and

"WITNESSETH:

"In consideration of the sum of $5.00 paid by the party of the second part to the party of the first part, receipt of which is hereby acknowledged, the party of the first part hereby grants to the party of the second part a first refusal to purchase any portions of his remaining premises east of said Lime Kiln Road in the Town of New Baltimore, Greene County, New York, that is supposed to contain about 68 acres. The party of the first part agrees that he will inform the party of the second part of any bona fide offer for any portion of said premises and afford the party of the second part 30 days in which to meet said offer."

Bedell died seized of the 68 acres, which ultimately passed to defendants Judith O. Altimari and Robert J. Altimari in 1986. The Altimaris thereafter conveyed their title to defendants Lloyd C. Simpson and Debra D. Hotaling (hereinafter collectively referred to as defendants) without informing plaintiff, who acquired his property in 1983 from Kosich with an assignment of all of Kosich's rights in and to the first refusal agreement, of defendants' offer. After issue was joined and defendants responded to plaintiff's discovery demands, defendants moved for summary judgment alleging that, pursuant to the clear and unambiguous language of the first refusal agreement, the right of first refusal was a personal covenant between Bedell and Kosich which was extinguished upon Bedell's death. Moreover, defendants asserted that even if County Court accepted that the right of first refusal was intended to create rights enforceable against Bedell's successors in interest, it would be void under EPTL 9-1.1, the Rule Against Perpetuities. County Court granted summary judgment in defendants' favor and this appeal by plaintiff followed.

Plaintiff herein contends that County Court's granting of summary judgment was improper due to the existence of a triable issue of fact regarding the intent of the parties when the right of first refusal was granted. Plaintiff contends that the right was intended to run with the land and that such right was not subject to the Rule Against Perpetuities due to the commercial nature of the original transaction. Finally, plaintiff contends that the right of first refusal is enforceable in equity because defendants had notice of it at the time of the acquisition. We disagree.

It is uncontested that the right of first refusal was part of the same transaction that conveyed the original 154 acres to Kosich. It is similarly uncontested that the deed conveying such acreage of land to Kosich clearly intended such conveyance to be binding upon Kosich and his successors and assigns. The right of first refusal, executed on that same date, did not include such language and, had the parties intended that result, such could have been accomplished by the inclusion of appropriate language (see, McPeady & Co. v Chestnut St. Props., 179 AD2d 915; Smith v Estate of LaTray, 161 AD2d 1178). Where, as here, the document is unambiguous and not amenable to alternative interpretations, " 'the construction of a plain and unambiguous contract is for the court to pass on, and * * * circumstances extrinsic to the agreement will not

be considered when the intention of the parties can be gathered from the instrument itself' " *(Jankowski v Zafrullah,* 155 AD2d 793, 794, quoting *West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, 540; *see also, McPeady & Co. v Chestnut St. Props., supra; Hemsley v Pannick,* 131 AD2d 940). Hence, we find that County Court properly interpreted this agreement as a matter of law based upon the lack of ambiguity.

Addressing next the applicability of the Rule Against Perpetuities and the statutory rule of construction found in EPTL 9-1.3 (b), we find that County Court correctly held that if it had found that the right of first refusal was intended to be a covenant running with the land, such covenant would be violative of the Rule Against Perpetuities.

The Rule Against Perpetuities has clearly been found to apply to rights of first refusal or preemptive rights of the type at issue here *(see, Morrison v Piper,* 77 NY2d 165, 170; *Emmons v Trout Lake Club,* 194 AD2d 160). Yet, plaintiff contends that the preemptive rights here should fall within the commercial exception to the remote vesting provisions of the Rule Against Perpetuities enunciated by the Court of Appeals in *Metropolitan Transp. Auth. v Bruken Realty Corp.* (67 NY2d 156) and later in *Wildenstein & Co. v Wallis* (79 NY2d 641). Such argument is found unpersuasive in a transaction such as this between private individuals transferring residential/agricultural property. County Court correctly found that the evidence failed to create a triable issue of fact to warrant an extension of such exception to a private, noncommercial transaction between individuals where there is no discernable government or public interest and the grant between Bedell and Kosich could be measured by relevant lives *(see, Morrison v Piper, supra,* at 171).

In finding that the right of first refusal could not be deemed to have run with the land because it would have been violative of the Rule Against Perpetuities and the only reasonable construction consistent with EPTL 9-1.3 must be that the parties intended it to be a personal agreement, binding on themselves only and not their successors and assigns, we find, as did County Court, that the first refusal agreement was personal to Bedell and was extinguished upon his death.

In finding that the right of first refusal was not a covenant intended to run with the land and was otherwise void under the Rule Against Perpetuities, we find all arguments seeking equitable enforcement to be entirely without merit *(see, Smith*

*v Estate of LaTray, supra).* We have reviewed the other contentions raised and find them to be without merit.

Cardona, P. J., Mikoll and Weiss, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Lloyd C. Simpson and Debra D. Hotaling, by declaring that plaintiff's interest in the property owned by said defendants has been adjudged invalid, and every person claiming under them is forever barred from asserting such claim, and by canceling the instrument purporting to create a right of first refusal, and, as so modified, affirmed.