OPINION OF THE COURT
Robert P. Best, J.
In 1992, defendants Stocker and Grover (hereinafter Stocker) conveyed a parcel of land in the Village of Broadalbin to *583 nonparty Michele Coons. As a part of that transaction, they gave Coons a right of first refusal on an adjoining parcel of land. In 1995, Coons conveyed her parcel and the right of first refusal to plaintiffs. On November 29, 1999, defendant Iaia entered into a contract to purchase a 23-acre parcel from Stocker for $20,000. Stocker then notified plaintiffs of their intent to sell on February 11, 2000, giving them seven days to exercise their rights. Plaintiffs responded five days later to purchase under the same terms and conditions in Iaia’s offer. Stocker later renounced the notice to sell on the ground of mistake.
Plaintiffs brought this action for specific performance to compel Stocker to convey the parcel to them. Iaia brought a counterclaim against plaintiffs and cross claims against Stocker. Stocker now moves for summary judgment and Iaia cross-moves.
Iaia contends that the right of first refusal was personal to Coons and the subsequent assignment and exercise of the right of first refusal are void. The Court agrees. Iaia refers to Adler v Simpson (203 AD2d 691 [3d Dept 1994]). Both here and in Adler a parcel and a right of first refusal were conveyed simultaneously. As the Third Department described Adler, the deed conveying the land “clearly intended such conveyance to be binding upon [the grantee] and his successors and assigns. The right of first refusal, executed on that same date, did not include such language and, had the parties intended that result, such could have been accomplished by the inclusion of appropriate language.” (Id. at 692.)
Here, the land was conveyed to Coons “and assigns forever.” (Deed, Iaia exhibit A.) The right of first refusal was conveyed to Coons alone. By its language, it did not run with the land, but rather was personal to her, and was extinguished when she conveyed the property to plaintiffs. (See Adler, supra.)
Defendants’ motions for summary judgment dismissing plaintiffs’ complaint are granted.