IRA DAVENPORT MEMORIAL HOSPITAL, Appellant, v JOSEPH HA, M.D., Respondent. [770 NYS2d 521]—

Appeal from those parts of an order of Supreme Court, Steuben County (Bradstreet, J.), entered April 23, 2003, that granted defendant's motion in part and dismissed the complaint and denied plaintiff's cross motion for summary judgment on the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff hospital and defendant physician entered into an agreement guaranteeing defendant a certain amount of income in order to induce him to establish a private practice in plaintiff's service area. The term of the agreement was two years, and at the end of that term defendant closed his practice. Plaintiff commenced this breach of contract action seeking reimbursement of a subsidy it paid to defendant pursuant to the agreement. Plaintiff alleges that section 7 (b) of the agreement requires defendant to repay all or a portion of the subsidy because he did not remain in plaintiff's service area for an additional three years. Supreme Court properly granted that part of defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and denied plaintiff's cross motion for summary judgment on the complaint. Initially, we note that, while the language of section 7 (b) is ambiguous, the parties did not

submit or allege that there is any extrinsic evidence concerning the intent of the parties with respect to its meaning, and thus the issues of the parties' intent and the construction of that provision are for the court to determine (*see Village of Hamburg v American Ref-Fuel Co. of Niagara,* 284 AD2d 85, 88 [2001], *lv denied* 97 NY2d 603 [2001]; *Smith v Estate of LaTray,* 161 AD2d 1178 [1990]). Here, it is clear from several provisions of the agreement that it was a two-year agreement between the parties, not a five-year agreement. Requiring defendant to pay back the subsidy if he moved his practice after two years would be contrary to the parties' intent to provide an incentive for defendant to relocate and establish a practice in plaintiff's service area for the two-year term of the agreement. In addition, section 6 (d) of the agreement provides that the repayment provision of section 7 becomes operational if defendant terminates his practice in plaintiff's service area before the termination of the two-year term of the agreement. Because defendant did not terminate the agreement, but, rather, it expired by its own terms after two years, section 7, the subsidy repayment provision, did not become effective. Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.