■ VERIZON NEW YORK, INC., Respondent, v CHOICE ONE COMMUNICATIONS OF NEW YORK, INC., Appellant. [865 NYS2d 213]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 3, 2008, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

Assuming that plaintiff would have been required to exhaust its administrative remedies by first bringing its claims regarding payment for telecommunication interconnection charges before the Public Service Commission (*see Core Communications, Inc. v Verizon Pa., Inc.,* 493 F3d 333, 342-343 [2007]), the parties' agreement waived such requirement. Waiver was not expressly prohibited by statute (*see Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown,* 46 NY2d 450, 455 [1979]; *cf. Estro Chem. Co. v Falk,* 303 NY 83 [1951]), nor could it have been in view of the implied nature of the claimed exhaustion requirement, and did not violate public policy. The provisions in the parties' prior interconnection agreement, correctly interpreted by the court (*see Adler v Simpson,* 203 AD2d 691, 692-693 [1994]; *see also Hirsch v Food Resources, Inc.,* 24 AD3d 293, 295 [2005]) and read together so as to give purpose and meaning to each of them (*see Beal Sav. Bank v Sommer,* 8 NY3d 318, 324 [2007]), were effective for such purpose.

We have considered defendant's other contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.