[913 NYS2d 454]

ALIX MARTINSEN, Respondent, v W. JAMES CAMPERLINO, Appellant.

Fourth Department, December 30, 2010

APPEARANCES OF COUNSEL

*Longstreet & Berry, LLP*, Syracuse (*Michael J. Longstreet* of counsel), for defendant-appellant.

*Bond, Schoeneck & King, PLLC*, Syracuse (*Suzanne O. Galbato* of counsel), for plaintiff-respondent.

**OPINION OF THE COURT**

SMITH, J.

At issue in this appeal is the New York rule against perpetuities (EPTL 9-1.1 [b]), and the exception to it that is set forth in *Metropolitan Transp. Auth. v Bruken Realty Corp.* (67 NY2d 156 [1986]). This litigation arises from an agreement regarding the subject parcel of property between Marie-Louise Chase Tiffany, who was plaintiff's aunt and predecessor in interest, and defendant, who is a real estate developer. Tiffany owned* property consisting of the subject parcel and approximately 115 acres of undeveloped land surrounding the subject parcel. In a 1981 transaction, Tiffany sold the surrounding undeveloped land to defendant but did not sell the subject parcel, which consists of approximately 8.5 acres and a house in which Tiffany resided. Defendant then subdivided the surrounding land that he purchased and began constructing homes there.

Contemporaneously with the 1981 transaction, Tiffany provided defendant with a "Right of First Refusal" providing that, if Tiffany or her heirs, assigns, administrators, executors, successors or other distributees ever attempted to sell the subject parcel, then defendant could match any offer to purchase it for up to $250,000 or he could purchase the property at that price even if a prospective purchaser offered a larger sum. The Right of First Refusal also provided that there could be no alteration of the subject parcel, nor could it be sold for any purpose other than as a personal residence. After Tiffany's

---

* Plaintiff contends that Tiffany could not transfer any rights to the property as a whole because she merely owned an undivided one-half interest in the property at the time of the transactions discussed *infra*, while defendant contends that Tiffany obtained absolute title to the property and thus could transfer it. Inasmuch as those contentions are moot in view of the resolution of the perpetuities issue, we assume, for the purposes of this appeal, that Tiffany had the power to transfer all rights to the subject parcel.

death, ownership of the subject parcel passed to plaintiff, who commenced this action seeking, inter alia, a declaration that the Right of First Refusal was invalid. Defendant appeals from a judgment that, among other things, declared that "the Right of First Refusal . . . is invalid, ineffective and a nullity because it violates the rule against perpetuities/rule against remote vesting codified in [EPTL] 9-1.1 (b)." We conclude that Supreme Court properly declared that the Right of First Refusal is invalid.

> "The New York Rule against Perpetuities, codified at EPTL 9-1.1, provides that (1) any present or future estate is void if it suspends the absolute power of alienation for a period beyond lives in being at the creation of the estate plus 21 years (EPTL 9-1.1 [a] [2]), and (2) any estate in property is invalid unless it must vest, if at all, within the same period (EPTL 9-1.1 [b]). The statutory rule against remote vesting (EPTL 9-1.1 [b]) is thus a rigid formula that invalidates any interest that may not vest within the prescribed time period" (*Wildenstein & Co. v Wallis*, 79 NY2d 641, 647 [1992]).

The Court of Appeals "has recognized that the broad prohibition against remote vesting contained in the 1965 enactment of the rule [against perpetuities] covers independent options to purchase real property" (*Morrison v Piper*, 77 NY2d 165, 169 [1990] [citations omitted]), and it is well settled that the rule also applies to rights of first refusal such as the one at issue in this case (*see id.* at 169-170; *Adler v Simpson*, 203 AD2d 691, 693 [1994]). This Right of First Refusal violates the rule against remote vesting because it purports to bind Tiffany's heirs and assigns without temporal limitation, and thus defendant's interest under the Right of First Refusal could vest against those unknown possible owners more than 21 years after Tiffany and defendant had died (*see Adler*, 203 AD2d at 693). Contrary to defendant's contention, there is nothing in the Right of First Refusal indicating that it may only be exercised by him personally (*cf. Morrison*, 77 NY2d at 171-172). Indeed, the Right of First Refusal indicates that it is a "covenant running with the land," which shall be binding on, inter alia, Tiffany's heirs, assigns, distributees and successors, and parts of which shall continue to encumber the subject property even in the event that defendant declines to exercise the Right of First Refusal.

Defendant contends that the Right of First Refusal should nevertheless be exempt from the rule because it involves a com-

mercial transaction. That contention is without merit. As noted in *Morrison* (77 NY2d at 171), the Court of Appeals held in *Bruken Realty Corp.* (67 NY2d at 168) that EPTL 9-1.1 (b) did not apply to preemptive rights in commercial and governmental transactions that lasted beyond the statutory perpetuities period. The Court of Appeals further stated in *Morrison*, however, that there is no reason

> "for extending the *Bruken* exception to private, noncommercial transactions between individuals in which there is no governmental or public interest. Where the parties to the transactions are individuals the time limitations on vesting in EPTL 9-1.1 (b)—i.e., 'twenty-one years' and 'lives in being'— have obvious relevance and no reason is suggested why they should not be fully applicable. To hold that the *Bruken* exception extends to the type of first refusal option employed in this residential transaction would transform the exception into the rule" (77 NY2d at 171).

Here, as in *Morrison*, the transfer contemplated by the Right of First Refusal was not a commercial transaction but, rather, it was a simple right of first refusal regarding a single-family residence. Indeed, pursuant to the express terms of the Right of First Refusal, any commercial use of the subject parcel is prohibited, and the parcel must be maintained as a residence. By structuring the transaction in that manner, the parties to the agreement created an estate that could vest well beyond the limit in EPTL 9-1.1 (b), and thereby violated the rule against remote vesting.

We reject defendant's remaining contentions for reasons stated in the decision at Supreme Court. Accordingly, we conclude that the judgment should be affirmed.

SCUDDER, P.J., GREEN, PINE and GORSKI, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously affirmed, without costs.