# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1028**
**CA 15-00397**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

JANE A. GILMORE, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARK B. JORDAN AND LEONARD P. JORDAN, ALSO KNOWN
AS LEONARD P. JORDAN, JR., DEFENDANTS-APPELLANTS.

---

KARPINSKI STAPLETON & TEHAN, P.C., AUBURN (ADAM H. VANBUSKIRK OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CARBONARO LAW OFFICES, P.C., AUBURN (PATRICK A. CARBONARO OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered November 4, 2014. The judgment granted the motion of plaintiff for summary judgment seeking a declaration that plaintiff is the owner in fee simple absolute of the title to certain real property.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 seeking a determination on the viability of a right of first refusal in favor of defendants. In 1979, plaintiff's husband (hereafter, Mr. Gilmore), as seller, and defendants, as buyers, executed a contract for the sale of a 71-acre parcel of real property. The contract stated that it "shall constitute a binding contract of purchase and sale and it shall bind the heirs, executors, and assigns of both [defendants] and [Mr. Gilmore]." The contract also provided that "[defendants] shall have the right of first refusal to purchase the 29 acres of land next north of parcel to be conveyed hereunder." In 1980, the parties closed the transaction, and the warranty deed provided, inter alia, that Mr. Gilmore "grant[ed] and release[d]" the 71-acre parcel to defendants and "their heirs and assigns forever." The warranty deed also provided that "[defendants] shall have the right of first refusal to purchase the 29 acres of land next north of parcel conveyed hereunder." In 2001, Mr. Gilmore died testate, leaving all of his real property to plaintiff. In 2013, plaintiff entered into a contract with a third party to sell a parcel of real property which included the 29 acres of land covered by the right of first refusal. In 2014, plaintiff commenced this action and subsequently moved for summary judgment seeking a declaration that she is the owner in fee simple absolute of the title to the disputed 29

acres.  Plaintiff's rationale was that the right of first refusal was extinguished upon Mr. Gilmore's death because the 1980 deed did not bind his heirs and assigns with respect thereto.  Supreme Court granted the motion, and we affirm.

The right of first refusal provision contained in the 1979 contract "merged into the subsequent [1980] deed executed pursuant to the [contract]," and "[a]ny inconsistencies between the contract and the deed are presumed to be explained and governed solely by the latter" (*Spiegel v Rickey*, 285 AD2d 879, 880 [internal quotation marks omitted]).  Therefore, contrary to defendants' contention, the right of first refusal was extinguished upon the death of Mr. Gilmore inasmuch as the 1980 deed did not purport to bind Mr. Gilmore's heirs and assigns (*see Adler v Simpson*, 203 AD2d 691, 692-693; *Smith v Estate of LaTray*, 161 AD2d 1178, 1179).  We reject defendants' further contention that the "savings provision" of EPTL 9-1.3 (b) requires this Court to uphold defendants' power to exercise the right of first refusal.  Indeed, we see no provision in the deed that needs to be "saved."  Rather, because there is nothing in the deed to indicate that the right of first refusal was meant to be anything other than "a personal agreement [between the parties], binding on themselves only and not their [heirs] and assigns" (*Adler*, 203 AD2d at 692-693), we are compelled to conclude that the right of first refusal was extinguished upon the death of Mr. Gilmore.

Defendants remaining contentions have been raised for the first time on appeal, and thus they are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  October 9, 2015                      Frances E. Cafarell
                                               Clerk of the Court