Garry, J.
 

 Appeal from an order of the Supreme Court (Dowd, J.), entered April 6, 2016 in Chenango County, which, among other things, granted defendant Brian Gallagher’s motion to dismiss the complaint against him.
 

 In 1968, plaintiff James Kozak, Lawrence Porada and three other individuals (hereinafter collectively referred to as the original tenants in common) purchased approximately 85 acres of rural land in the Town of Smithville, Chenango County. In connection with this purchase, they executed a contract in which, as pertinent here, they agreed that if any of them decided to sell his interest in the property, he would be required to offer it first to the remaining tenants in common upon 60 days’ notice (hereinafter the divestiture agreement). Two of the original tenants in common later sold their interests in the property to the others in accord with the divestiture agreement. A third tenant in common died, and his wife, plaintiff Joan Zopp, became the executor of his estate. In December 2008, Lawrence Porada executed and recorded a quitclaim deed — drafted by defendant Brian Gallagher, an attorney— transferring his interest in the property to his son, defendant Keith Porada. No notice or offer of sale was given to plaintiffs. Lawrence Porada later passed away, and defendant Barbara Porada became the executor of his estate.
 

 In December 2011, plaintiffs commenced this action seeking to enforce the terms of the divestiture agreement and to set aside the conveyance to Keith Porada. Gallagher moved to dismiss the complaint against him. Supreme Court granted the motion and dismissed the complaint upon grounds that included a finding that the divestiture agreement violated the rule against perpetuities and was therefore invalid. Plaintiffs appeal.
 

 We note initially that all of the causes of action depend upon the validity of the divestiture agreement. Although Gallagher moved for relief only on his own behalf, the action cannot succeed against any defendant if the agreement is unenforceable. Thus, dismissal as to Gallagher upon this ground results in dismissal of the complaint in its entirety. As to the substance of the parties’ claims, we agree with Supreme Court that the divestiture agreement is invalid in that it violates the rule against perpetuities prohibiting remote vesting.
 

 As codified in EPTL 9-1.1 (b), this rule provides that “[n]o estate in property shall be valid unless it must vest, if at all, not later than [21] years after one or more lives in being at the creation of the estate and any period of gestation involved.” Here, although the divestiture agreement describes the future interests it creates as “option [s] to purchase,” they are more properly termed rights of first refusal, as they do not create a power to compel an unwilling seller to convey the interest, but instead restrict a willing seller’s power to do so without first offering the property to the other tenants in common “upon the happening of a contingency: the [seller’s] decision to sell to a third party” (LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 60 [1989]; accord Whiteface Resort Holdings, LLC v McCutchen, 52 AD3d 1106, 1107 [2008]). The future interest created by such a right of first refusal vests if and when that contingency occurs (see Morrison v Piper, 77 NY2d 165, 169-170 [1990]).
 

 In general, rights of first refusal are subject to the rule against perpetuities and are thus invalid if it is possible for the future interests they represent to vest outside the prescribed time period (see id.; Martinsen v Camperlino, 81 AD3d 256, 258 [2010], lv denied 16 NY3d 708 [2011]; Adler v Simpson, 203 AD2d 691, 693 [1994]; see also Symphony Space v Pergola Props., 88 NY2d 466, 483-484 [1996]). There is an exception from this rule for rights of first refusal in certain governmental and commercial transactions (see Wildenstein & Co. v Wallis, 79 NY2d 641, 650-651 [1992]; Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 168 [1986]). However, contrary to plaintiffs’ argument, that exception does not apply to “private, noncommercial transactions between individuals in which there is no governmental or public interest,” such as this purchase of rural land by five individuals for their private use (Morrison v Piper, 77 NY2d at 171; see Martinsen v Camperlino, 81 AD3d at 258-259; Adler v Simpson, 203 AD2d at 693).
 

 We further reject plaintiffs’ contention that the rights of first refusal created by the divestiture agreement cannot vest outside the time period established by EPTL 9-1.1 (b) because they were intended to be personal to the original tenants in common and to terminate upon their deaths. Nothing in the unambiguous contractual language supports such a construction. On the contrary, the divestiture agreement expressly provides that it “shall not be abrogated or affected by the death of any of the [original tenants in common], and the heirs, executors, administrators, successors and assigns of the [original tenants in common] shall be bound by [its] provisions” (compare Morrison v Piper, 77 NY2d at 171-173; Adler v Simpson, 203 AD2d at 692-693; Bloomer v Phillips, 164 AD2d 52, 55 [1990]).
 

 This same language compels the conclusion that the divestiture agreement violates the rule against remote vesting. The inclusion of a contractual provision that makes a restraint on alienation binding upon heirs, assigns and other such successors in interest, with no limiting time period, “is significant and shows the parties’ understanding that the [restraint] is to extend in duration for an indefinite period of time” (Buffalo Seminary v McCarthy, 86 AD2d 435, 445 [1982] [internal quotation marks and citations omitted], affd 58 NY2d 867 [1983]; accord Smith v Smith, 116 AD2d 810, 811-812 [1986]; see Barnes v Oceanus Nav. Corp., Ltd., 21 AD3d 975, 977 [2005]; Dimon v Starr, 299 AD2d 313, 313 [2002], lv denied 100 NY2d 501 [2003]). The rights of first refusal created by the divestiture agreement may be exercised more than 21 years after lives that were in being when the rights were created, and therefore they violate the rule against perpetuities (see EPTL 9-1.1 [b]; Smith v Smith, 116 AD2d at 812). Accordingly, Supreme Court properly determined that the divestiture agreement was invalid and dismissed the complaint. The parties’ remaining contentions are rendered academic by this determination.
 

 McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with one bill of costs.