■ RAMON BECCE et al., Appellants, v MARK SPENCER AFFILIATES et al., Respondents.—In an action to set aside a convey-

ance of real property and for specific performance of a preemptive right to purchase the same realty, the plaintiffs appeal from an order of the Supreme Court, Queens County (Berkowitz, J.), dated January 14, 1987, which granted the defendants' motion for summary judgment dismissing the complaint and which denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs purchased property from the defendant Mark Spencer Affiliates and were granted a perpetual easement appurtenant on a contiguous parcel which the plaintiffs would use, *inter alia*, for parking for their customers' automobiles. In addition to the recitation in the deed, a separate agreement memorialized the easement. This agreement set terms pursuant to which the defendant Mark Spencer Affiliates could convey title to the easement area to the owner of a separate adjacent parcel if such was needed for zoning area coverage requirements or satisfaction of governmental requirements in connection with proposed future development of the adjacent parcel. If the easement area was not required to be so conveyed, the defendant Mark Spencer Affiliates would convey title to the plaintiffs if they so desired. The agreement was expressly binding upon the signatories, as well as their heirs, assigns or successors. The defendant Mark Spencer Affiliates thereafter conveyed the adjacent parcel along with the easement area to the defendant Huang and his company Ox Head Brand Co., Ltd. At the same closing, Huang reconveyed the parcel to the defendant Briarwood 147 Street Corp. (hereinafter Briarwood).

The plaintiffs seek a declaration that the conveyance of title to the parcel burdened by the easement was in breach of the contract with Mark Spencer Affiliates and thus void. The plaintiffs further demand rescission of the conveyance and specific performance of their preemptive rights contained within the easement agreement.

The conveyance by the defendant Mark Spencer Affiliates to the subsequent transferees was in accordance with the terms of the agreement. Specifically, by adding the square footage of the easement area to the other parcels owned by the defendant Briarwood, it was able to increase the size of the building to be constructed on the other parcels and still comply with zoning area coverage requirements. This was in accordance with the terms of the contract signed by the plaintiffs. The plaintiffs' argument that the intermediate conveyance by the

defendant Mark Spencer Affiliates to the defendant Huang breached the agreement as Huang did not need the easement area is incorrect. The plaintiffs attempt to read this agreement too narrowly. It created a perpetual easement and an agreement for a future conveyance if necessary at a time not specified. Moreover, the agreement was expressly binding on the parties' heirs, successsors or assigns. Such language clearly shows the parties' intentions that the agreement is to extend into the future and the intermediate same-day conveyance involving Huang did not cause the contract to be breached. The record indicates, in any event, that Huang, a developer, did himself need the easement area for a sewer hookup under building plans later assigned to Briarwood. Thus, under either scenario, the conveyance was in accordance with the language of the agreement and nothing occurred to trigger the plaintiffs' preemptive rights.

The agreement conferred upon the plaintiffs only a preemptive right and not an option as the plaintiffs had no power to compel a conveyance at their election (Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156). As such, it is not violative of the rule against perpetuities (Metropolitan Transp. Auth. v Bruken Realty Corp., supra). Nor does it pose an unreasonable restraint on alienation as the reason for the preemption agreement was a reasonable business purpose and, under the agreement, two parties could join together to convey title to the easement area in fee simple absolute (Izzo v Brooks, 106 Misc 2d 743; EPTL 9-1.1 [a]). Additionally, as the easement still exists, the plaintiffs may continue to utilize it for their customers' parking, while at the same time the defendants gain the added footage. Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.