■ DIAHANN CARROLL, Appellant-Respondent, v LAWRENCE R. ENO, Respondent-Appellant. [654 NYS2d 368] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered June 18, 1996, after a nonjury trial, which, *inter alia*, dismissed plaintiff's causes of action for a declaration that the subject agreement violates the common-law rule against unreasonable restraints and the statutory rule against perpetuities, unanimously modified, on the law, to declare that the agreement does not violate either such rule, and otherwise affirmed, without costs.

The court properly held that the subject agreement, which gives defendant a preemptive right to purchase plaintiff's cooperative apartment at the price she had purchased it for as an

insider in 1968 in exchange for whatever right defendant had at that time to purchase the apartment, is not an unreasonable restraint on alienation (see, *Wildenstein & Co. v Wallis*, 79 NY2d 641, 651-652). The great disparity between the insider price and present market value does not make the restraint unreasonable, since the parties had agreed upon the price formula at the time the agreement was executed, the transfer could have occurred at any time thereafter, and plaintiff had the benefit of tax advantages and income from subleases over the years (see, *Allen v Biltmore Tissue Corp.*, 2 NY2d 534, 542-543). Moreover, this disparity is lessened somewhat by construing the agreement, as the trial court properly did, as providing for reimbursement of the money plaintiff spent for improvements and assessments. The remaining points in contention were also properly disposed of. The agreement clearly limits defendant's preemptive right to the "measuring lives" of the parties themselves, and thus does not violate the rule against perpetuities. It would not be a violation of the condition of the agreement that defendant occupy the subject apartment were he thereafter to sell the other two apartments he owns in the building. Defendant's counterclaim for specific performance was properly dismissed upon a finding, supported by the record, that plaintiff has not tried to sell the apartment. We modify only to declare explicitly the enforceability of the agreement, implicit in the trial court's disposition (see, *Lanza v Wagner*, 11 NY2d 317, 334). Concur—Murphy, P. J., Rosenberger, Rubin and Mazzarelli, JJ.