■ JAN REYNOLDS, Appellant, v VERA GAGEN et al., Respondents. [732 NYS2d 4] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about February 7, 2001, which denied the motion of plaintiff Jan Reynolds for summary judgment and granted the cross motion of defendants Vera and Joseph Gagen for summary judgment dismissing the

complaint, unanimously modified, on the law, solely to declare in defendants' favor that the agreement at issue is void pursuant to EPTL 9-1.1 (b), and otherwise affirmed, without costs.

In 1996 plaintiff Reynolds and defendant Vera Gagen entered into a contract to purchase certain property. Due to financial problems Reynolds could not proceed at closing, and Vera Gagen purchased the property alone. Gagen, however, signed an agreement recognizing that both were purchasers, and giving Reynolds the right to purchase a one-half interest in the property for a sum equal to 50% of all monies invested in the premises by Gagen. In a separate paragraph, it was recited, "[t]his agreement shall be binding on both of us and our heirs and assigns."

In 1999 Gagen added her husband to the title, and in March of that year Reynolds sought to exercise her option. When Gagen advised her that the agreement violated the Rule against Perpetuities (EPTL 9-1.1 [b]), Reynolds instituted suit, seeking, *inter alia*, a declaration that she had an equitable interest in the property.

While it is true, as plaintiff contends, that pursuant to EPTL 9-1.3, it is presumed that an estate is intended by its creator to be valid, the presumption of validity is unavailing here in view of the parties' agreement which unambiguously affords Reynolds's heirs and assigns the option to purchase a one-half interest in the building (*see, Buffalo Seminary v McCarthy*, 86 AD2d 435, 444, *affd* 58 NY2d 867). Since the agreement's purchase option by its express terms purports to create an estate which may not vest until more than 21 years after the termination of the measuring lives (i.e., the lives of the contracting parties), it is void as violative of the Rule against Perpetuities.

*Carroll v Eno* (237 AD2d 102) is not to the contrary since it was clear from the factual context of the agreement there at issue that the preemptive rights arising therefrom were intended to be exercised within the relevant measuring lives (*supra* at 103).

We modify only to declare in defendants' favor that the agreement is void pursuant to the statute (*see, Lanza v Wagner*, 11 NY2d 317, 334). Concur—Nardelli, J. P., Andrias, Lerner and Marlow, JJ. [Recalled and vacated 292 AD2d — (Mar. 28, 2002).]