■ JAN REYNOLDS, Appellant, v VERA GAGEN et al., Respondents. [739 NYS2d 704] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about February 7, 2001, which denied the motion of plaintiff Jan Reynolds for summary judgment and granted the cross motion of defendants Vera and Joseph Gagen for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants' cross motion denied and plaintiff's motion for partial summary judgment on her second cause of action granted to declare in plaintiff's favor that the agreement at issue is not violative of the rule against perpetuities (EPTL 9-1.1 [b]), and is enforceable, and to remand the matter for a reference to determine all monies invested in the premises by the defendants in accordance with the parties' agreement.

In 1996, plaintiff Reynolds and defendant Vera Gagen entered into a contract to purchase certain property. Due to financial problems Reynolds could not proceed at closing, and Vera Gagen purchased the property alone. Gagen, however, signed an agreement recognizing that both were purchasers, and giving Reynolds the right to purchase a one-half interest in the property for a sum equal to 50% of all monies invested in the premises by Gagen. Later, in the penultimate paragraph, it provided: "This agreement shall be binding on both of us and our heirs and assigns."

In 1999, Gagen added her husband to the title and, in March

of that year, Reynolds sought to exercise her option. When Gagen advised her that the agreement violated the rule against perpetuities (EPTL 9-1.1 [b]), Reynolds instituted suit, seeking, inter alia, a declaration that she had an equitable one-half interest in the property.

Pursuant to EPTL 9-1.3 (b), it is presumed that an estate is intended by its creator to be valid. Unlike *Buffalo Seminary v McCarthy* (86 AD2d 435, 444, *affd* 58 NY2d 867), where the option was granted to plaintiff, "its successors and assigns," the agreement here, as in *Carroll v Eno* (237 AD2d 102), clearly limits the exercise of the option to plaintiff and defendant Vera Gagen within the "measuring lives" of the parties themselves and does not violate the rule against perpetuities. The subsequent "heirs and assigns" language, as in *Carroll v Eno* (*supra* ["heirs, executors, administrators, and assigns"]), merely provides that, in the event defendant Vera Gagen died before plaintiff, her heirs or assigns would have to honor her commitment in the event plaintiff sought to exercise her option. In the event plaintiff died before she exercised her option, it would die with her.

We finally note that where the party seeking a declaration of rights is not entitled to the declaration sought, the court, rather than simply dismissing the complaint, must still make the appropriate declaration (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901).

Reargument granted and upon reargument, the decision and order of this Court, entered on October 30, 2001 (Appeal No. 5156), recalled and vacated and a new decision and order substituted therefor. Concur—Nardelli, J.P., Andrias, Lerner and Marlow, JJ.