■ EDWARD I. HERRMANN et al., Respondents, v AMD REALTY, INC., Appellant. [779 NYS2d 560]—

In an action, inter alia, for a judgment declaring that a right of first refusal contained in a certain lease surrender agreement was null and void, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (LaCava, J.), entered September 19, 2003, which denied that branch of its motion which was for summary judgment declaring, among other things, that the right of first refusal was valid and granted the plaintiff's cross motion for summary judgment declaring that the right of first refusal was null and void, and declared that the right of first refusal was null and void.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs own an unimproved parcel of commercial property in New Rochelle (hereinafter Lot 3), which was devised to them in the will of their father, Herbert R. Herrmann (hereinafter Herbert), as residuary devisees. Herbert died on March 26, 1988. In May 2002 the plaintiffs entered into a contract to sell Lot 3 for $300,000. At that time, the plaintiffs obtained a title report indicating that Lot 3 was subject to a purported right of first refusal in favor of the defendant, contained in a lease surrender agreement between Herbert and Certified Fence Corp. (hereinafter Certified Fence), dated May 19, 1982 (hereinafter the surrender agreement), which was recorded on March 26, 2001 in the Westchester County Clerk's office. Pursuant to the surrender agreement, Certified Fence surrendered a lease for the lot adjacent to Lot 3 (hereinafter Lot 2) in connection with a separate agreement pursuant to which Certified Fence was to purchase Lot 2. By its express terms, the right of first refusal was to remain "in full force and effect until such time as Herbert R. Herrmann divests himself of the ownership of [Lot 3]." The right of first refusal also provided that the "Tenant" had the right of first refusal to purchase Lot 3 if the "Landlord" received a bona fide offer from any party to purchase it and intended to accept that offer. "Tenant" had the right to accept the terms of the offer and purchase Lot 3 "in its own name" for an amount not to exceed $75,000. The surrender agreement further provided that "the word 'Tenant' . . . shall be deemed to mean Rocco Medeo and Lenore Medeo, his wife, and wherever the word 'Landlord' appears it shall be deemed to mean Herbert R. Herrmann." The defendant's president alleged in a sworn af-

fidavit that Certified Fence assigned its right of first refusal to the defendant in February 2001.

The plaintiffs commenced this action, inter alia, for a judgment declaring that the right of first refusal was null and void. The defendant moved, among other things, for summary judgment declaring that the right of first refusal was valid, and the plaintiffs cross-moved for summary judgment declaring that the right of first refusal was null and void. The Supreme Court denied that branch of the defendant's motion and granted the plaintiffs' cross motion declaring that the right of first refusal was null and void because it expired upon Herbert's death and it constituted an unreasonable restraint on the alienation of the plaintiffs' property. We affirm.

Contrary to the defendant's assertions, under a plain reading of the surrender agreement, the right of first refusal terminated upon Herbert's death. The surrender agreement did not limit the means by which Herbert could divest himself of the ownership of Lot 3, whether voluntarily or involuntarily. Contrary to the defendant's contentions, since there was no restriction on the transfer to the plaintiffs during Herbert's lifetime, we discern no reason for a restriction on the testamentary transfer. In addition, the definition of "Landlord" with respect to the right of first refusal was limited to Herbert, without reference to his heirs, successors, or assigns. The fact that there was no provision in the surrender agreement binding Herbert's successors, implies that no such provision was intended (see Adler v Simpson, 203 AD2d 691, 692 [1994]; cf. Becce v Mark Spencer Affiliates, 137 AD2d 575, 577 [1988]). Moreover, since the right of first refusal was triggered by the landlord's receipt of a bona fide offer, Herbert, as the named "Landlord," could only have received an offer during his lifetime, which right would have terminated upon his death.

In any event, upon the plaintiffs' prima facie showing that the predetermined price of $75,000 was an unreasonable restraint on the alienation of Lot 3 because the amount was substantially below its market value of $300,000 (cf. Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 167-168 [1986]), the defendant failed to raise a triable issue of fact by presenting evidence that the price served a reasonable business purpose (see Zuckerman v City of New York, 49 NY2d 557 [1980]; cf. Carroll v Eno, 237 AD2d 102 [1997]; Becce v Mark Spencer Affiliates, supra at 577). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment declaring that the right of first refusal was valid and granted the plaintiffs' cross motion for

summary judgment declaring that the right of first refusal was null and void. Santucci, J.P., Townes, Crane and Lifson, JJ., concur. [*See* 1 Misc 3d 586.]