■ JAN REYNOLDS, Appellant, v VERA GAGEN et al., Respondents. [797 NYS2d 42]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 19, 2004, which, to the extent appealed from, modified the report of the Special Referee, dated April 15, 2004, by increasing the amount of defendants' investment in the subject premises $500 per month in management fees for the period from June 1, 1996 through September 2003 (a total of $43,500), thus fixing the amount of defendants' investment in accordance with the parties' agreement for the period ending November 30, 2003 at $416,512.68, otherwise confirmed the report, and awarded defendants $157,390.44 in interest, unanimously modified, on the law, to the extent of vacating the $43,500 increase in the amount of defendants' investment in the property, thus fixing the amount of defendants' investment in accordance with the parties' agreement for the period ending November 30, 2003 at $373,012.68, vacating the award of interest to defendants, and otherwise affirmed, without costs. Supplemental order, same court and Justice, entered on or about January 12, 2005, which fixed the final option price at $365,646.78 and ordered that a closing be held within 45 days, at which time plaintiff was directed to pay defendants said final option price in return for defendants executing a deed conveying to her a one-half interest in the premises located at 49 West 94th Street in Manhattan, unanimously reversed, on the law and the facts, without costs, the order vacated and the matter remanded for entry, if the court deems it necessary, of a further supplemental order fixing the final option price and setting a closing date in accordance with the terms of the November 19, 2004 order, as modified herein.

Plaintiff and defendant Vera Gagen agreed to buy jointly a residential building located at 49 West 94th Street, but because of financial problems, plaintiff was unable to complete the purchase and Mrs. Gagen took title in her name only on June 11, 1996. At the same time, plaintiff and Mrs. Gagen executed

an agreement giving plaintiff an option to purchase at any time thereafter a one-half interest in the building for a sum equal to 50% of all monies invested in the premises by Gagen, "including but not limited to original acquisition cost, closing costs, financing costs, monies invested in the Property and insurance taxes [*sic*] paid by [Gagen] on the income generated by the Premises." By letter dated March 18, 1999, plaintiff notified Mrs. Gagen that she elected to exercise her option as of May 1, 1999. In the meantime, Mrs. Gagen had refinanced the mortgage on the building, which necessitated adding Mr. Gagen to the deed.

After counsel for Mrs. Gagen advised plaintiff that their option agreement was null and void because it violated the rule against perpetuities, this action was commenced, seeking, inter alia, a declaration that plaintiff had an equitable one-half interest in the property. On a prior appeal, this Court declared that the option agreement was enforceable and remanded the matter "for a reference to determine all monies invested in the premises by the defendants in accordance with the parties' agreement" (292 AD2d 310, 310 [2002]).

On remand, the Special Referee determined, inter alia, that the total acquisition and closing costs on the building were $442,837.77, an amount confirmed by the court and not disputed on this appeal. The only issues are the court's allowance of management fees to defendants, its rejection of plaintiff's claim that she should take title to her one-half share of the property free of any responsibility for one half of the initial mortgage debt, its failure to subtract from the calculation of defendants' "monies invested" all proceeds received by defendants from their refinancings of the building, and its award of interest to defendants pursuant to CPLR 5001 (a).

Prior to October 1, 2003, Vera Gagen acted as the managing agent for the building, a service for which defendants now pay $625 a month, and did not charge for her services. Nevertheless, defendants' long accounting sought to have $500 per month, as the reasonable value of her services, allocated as monies invested by her in the premises. While fully crediting Mrs. Gagen's testimony and finding the time spent and the rate sought to be reasonable, the Special Referee correctly rejected defendants' claim and found that the parties' agreement limited investment to "monies invested in the Premises by you." Thus, despite the IAS court's finding that such sums would clearly have been included in monies invested in the property had defendants chosen from the beginning to hire an independent management company, the in-kind services rendered by Mrs.

Gagen and listed in defendants' accounting should not have been considered part of their operating expenses inasmuch as they did not actually incur such expenses.

As to plaintiff's claim that she should be able to take title to her one-half interest in the property free of any mortgage obligation, the Special Referee and the court properly found that the parties were aware of the original mortgage obtained to purchase the property, yet their agreement did not provide that acquisition costs would be net of mortgage proceeds. Nor are defendants entitled to interest pursuant to CPLR 5001 (a) as awarded by the court, inasmuch as the only issue before the court was the calculation of the option price. Absent any provision in the parties' agreement for interest, any award pursuant to CPLR 5001 (a) was unwarranted.

We have considered plaintiff's other points regarding the proper crediting of the proceeds of defendants' refinancings, her entitlement to statutory interest, and her claim that defendants have a negative net investment in the property, and find them without merit.

Finally, we are unable to discern from the record whether a closing has taken place pursuant to the court's supplemental order. Accordingly, we remand the matter for entry, if the court deems it necessary, of a further supplemental order fixing the final option price in accordance with this decision and setting a date for the closing. Concur—Andrias, J.P., Sullivan, Ellerin and Williams, JJ.