■ Harold Alford et al., Appellants, v Estate of Grace C. Wrench, Deceased, et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered February 9, 1990 in Chenango County, upon a decision of the court in favor of defendants.

In 1982 plaintiff Marion Alford and her husband (plaintiff Harold Alford) moved into the farm residence of her aunt in order to care for her. In 1983 the aunt died and the farm was devised to decedent. Thereafter, decedent leased the farm to plaintiffs for a term of one year. The lease provided that any renewal would be from month to month only. Additionally, the lease granted plaintiffs the first right of refusal to buy the farm during the term of the lease or any month to month extension thereof. At the expiration of the lease, plaintiffs continued in possession as month to month tenants.

In October 1985, decedent's attorney sent plaintiffs a letter in which they were offered the opportunity to buy the farm. Plaintiffs began negotiating for the purchase of the farm during which time decedent died. Negotiations continued with decedent's representatives until February 1988 when decedent's executrix, defendant Lula W. Jolley, wrote plaintiffs advising that if a contract for sale was not signed by February 19, 1988 the property would be listed for sale. Plaintiffs thereafter made an offer to purchase the farm which was not accepted and the property was listed for sale. Defendants then contracted for the sale of the farm to a third party, terminated plaintiffs' tenancy and sold the farm.

During the period of plaintiffs' occupancy, they maintained the farm and made substantial improvements, including the installation of a wood boiler and chimney, shoring up the barn, building horse stalls, building a garage, installing a bath, rewiring the house, renovating and remodeling parts of the house and planting 4,000 trees for harvesting during Christmas seasons. After defendants sold the farm, plaintiffs unsuccessfully sought reimbursement for the improvements to the farm on the basis that they were made in the belief that the farm would be sold to them. Plaintiffs then commenced this action asserting that they expended $30,711.07 in improvements to the farm, that defendants were unjustly enriched thereby and that defendants breached their agreement by selling the farm to a third party without affording plaintiffs their right of first refusal. Defendants answered and asserted a counterclaim. Following a nonjury trial, Supreme Court dismissed plaintiffs' complaint and defendants' counterclaim. Plaintiffs now appeal.

On this appeal defendants contend that they effectively satisfied the right of first refusal provision in the lease by affording plaintiffs the opportunity to purchase the farm below market price prior to accepting the third party's offer. Such is not the case. The right of first refusal binds the seller not to sell without first giving the other party the opportunity to purchase the property at the price agreed upon with a third party (*LIN Broadcasting Corp. v Metromedia, Inc.*, 74 NY2d 54, 60), and plaintiffs were not obligated to exercise that right or suffer its forfeiture until defendants had received such an offer (*see, H. G. Fabric Discount v Pomerantz*, 130 AD2d 712, 713). The failure to offer the farm for sale to plaintiffs on the same terms and conditions as the third-party offer represented a breach of defendants' agreement, mandating reversal of the judgment in favor of defendants.

Since the judgment was based upon a trial without a jury and the record is adequate for a determination of damages, we will render a final determination on this appeal (*Koester v State of New York*, 90 AD2d 357, 365; *see, Hanna v State of New York*, 152 AD2d 881, 885). While defendants contested the amount of moneys attributable to the various improvements concededly made by plaintiffs, they offered no contrary proof. Since the total value of the improvements, as established by plaintiffs at trial, exceeds the ad damnum clause in the complaint, plaintiffs are awarded $30,711.07 in damages.

Judgment modified, on the law and the facts, with costs to plaintiffs, by reversing so much thereof as dismissed the complaint; judgment rendered in favor of plaintiffs in the amount of $30,711.07; and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.