■ EAST NEW YORK SAVINGS BANK, Respondent, v SUN BEAM ENTERPRISES, INC., et al., Defendants, and INTEGRA REALTY, INC., Appellant. [681 NYS2d 244] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 21, 1997, which, *inter alia*, granted plaintiff's motion pursuant to CPLR 4403 to confirm a Special Referee's report,

awarded plaintiff attorney's fees in the amount of $2,500 as "sanctions" to be imposed equally against defendant Integra Realty, Inc. (Integra) and its counsel, unanimously affirmed, with costs.

Defendant Integra's initial motion to vacate the default judgment against it was properly denied (248 AD2d 245) and its subsequent reargument motions, repetitive of the initial motion and/or each other, were patently meritless and, indeed, frivolous (see, Foley v Roche, 68 AD2d 558, 567-568) and, as such, proper grounds for the imposition of sanctions and/or costs, which we find appropriate in amount. Contrary to Integra's argument, the motion court's order adequately sets forth the objectionable conduct, the reason it was found to be frivolous, and an explanation of the sanctions imposed (see, 22 NYCRR 130-1.2). While the order by its terms imposes "sanctions", properly payable to the Lawyers' Fund for Client Protection under 22 NYCRR 130-1.3, it is clear that the award of "sanctions" was actually intended by the motion court as an award of costs to be utilized to cover the legal expenses incurred by plaintiff as a consequence of the vexatious litigation occasioned by defendant-appellant. Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.