■ Chedli Gassab, Appellant, v R.T.R.L.L.C., Respondent. Flomenhaft & Cannata, LLP, Nonparty Appellant; Steinberg,

512

FINEO, BERGER & FISCHOFF, P.C., et al., Nonparty Respondents. R.T.R.L.L.C., Third-Party Plaintiff, v PRICE THOMAS STUDIOS, INC., Third-Party Defendant-Respondent. PRICE THOMAS STUDIOS, INC., Fourth-Party Plaintiff, v BRONX BUILDERS, Fourth-Party Defendant-Respondent, et al., Fourth-Party Defendant. (And a Second Third-Party Action.) [893 NYS2d 540]—

The motion court properly found that plaintiff failed to demonstrate a reasonable justification for the failure to present the "new evidence" on the initial motion to renew (CPLR 2221 [e]; *Crawford v Sorkin,* 41 AD3d 278 [2007]). Further, the motion court correctly concluded that the evidence would not change the prior determination since the conclusion of plaintiff's expert was reached years after the 2002 trial and was belied by plaintiff's behavior and abilities at trial, which the motion court had personally observed, and by the fact that plaintiff's expert, who testified at trial, raised no concerns regarding plaintiff's competence at that time.

Plaintiff's second motion for renewal was also properly denied since a complete affidavit from his expert would have made no difference to the outcome of the first motion for renewal. Indeed, the motion court did not deny the first renewal motion for failure to provide a complete affidavit. Rather, the court rejected the expert's opinion as not probative since it was not a conclusion reached at the time plaintiff allegedly suffered from the inadequacy. In addition, plaintiff again failed to demonstrate a reasonable justification for failing to present his new evidence previously.

The motion court providently exercised its discretion in imposing costs and sanctions after the second motion to renew (22 NYCRR 130-1.1 [a]). Indeed, plaintiff had filed two meritless motions for reconsideration after having been warned by the motion court that his motion to vacate barely escaped the imposition of costs and sanctions (*see Newman v Berkowitz,* 50 AD3d 479 [2008]; *East N.Y. Sav. Bank v Sun Beam Enters.,* 256 AD2d 78 [1998]).

To the extent plaintiff appeals from the denial of his motions to reargue, no appeal lies from those portions of the motion court's orders (*Stratakis v Ryjov,* 66 AD3d 411 [2009]). Plaintiff's purported appeal from the January 23, 2008 order is not properly before this Court since plaintiff failed to include a notice of appeal from that order in the record on appeal.

Motion seeking imposition of sanctions and an award of costs and attorney's fees granted to the extent of awarding costs to defendant R.T.R.L.L.C., to be paid by plaintiff's appellate counsel as noted in the decretal paragraph. Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ. **[Prior Case History: 2008 NY Slip Op 31941(U).]**