■ OLGA ROMERO NUNEZ, Respondents-Appellants, v NEW YORK ORGAN DONOR NETWORK, INC., Appellant-Respondent. [939 NYS2d 368]—

Article 43 of the Public Health Law provides that "[a] person who acts in good faith in accord with the terms of this article or with the anatomical gift laws of another state is not liable for damages in any civil action or subject to prosecution in any criminal proceeding for his act" (§ 4306 [3]). This good faith immunity provision is incorporated into Public Health Law § 4351 (10), which provides that "any person or organization acting pursuant to this section, shall be legally responsible for any negligent or intentional act or omission committed by such entity or its employees or agents" (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 56 [2006]). The evidence here presents no issue of fact whether defendant failed to act in good faith in connection with its efforts to obtain the necessary statutory consent for the subject organ donation. Accordingly, all plaintiffs' claims, including those alleging a violation of Public Health Law articles 43 and 43-A, should be dismissed.

Plaintiffs are not entitled to any affirmative relief on their purported cross appeal, because the supplemental record they

filed does not contain a notice of cross appeal from the order (*see Gassab v R.T.R.L.L.C.*, 69 AD3d 511 [2010]; *see also Copp v Ramirez*, 62 AD3d 23, 27-28 [2009], *lv denied* 12 NY3d 711 [2009]). In any event, as indicated, the court correctly dismissed their common-law causes of action. Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ.