■ James P. DeMaio, Appellant, v Robert Capozello et al., Respondents, et al., Defendants. [3 NYS3d 363]—

In an action, inter alia, to determine a claim to real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 18, 2013, as denied that branch of his motion which was for summary judgment on the fourth cause of action in his amended complaint for a judgment declaring that a deed held by the defendant Stephen Zangre is null and void.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants Robert Capozello, Anna Capozello, and Stephen Zangre, that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action in the amended complaint is granted, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the remaining causes of action and the counterclaims, and for the entry thereafter of a judgment, inter alia, making an appropriate declaration in accordance herewith.

This action concerns a long-running dispute over certain real property. As relevant here, the plaintiff tendered a deed to the property to the defendants Robert Capozello and Anna Capozello (hereinafter together the Capozellos). After a dispute arose between the plaintiff and the Capozellos regarding the property, the plaintiff commenced this action against the Capozellos. During the pendency of the action, the Capozellos executed a deed purporting to transfer title to the property to Stephen Zangre, who was added as a defendant in the action. In a prior appeal, this Court held that the plaintiff was entitled to summary judgment on the issue of whether the deed he had given to the Capozellos was intended to represent only a security interest in the property. Because the deed was intended to represent only a security interest, it was, by operation of law, only a mortgage. We also held, however, that there were triable issues of fact as to whether Zangre was a bona fide purchaser for value without notice of the instant proceedings (see DeMaio v Capozello, 74 AD3d 864 [2010]).

The plaintiff subsequently moved, inter alia, for summary judgment on the fourth cause of action in his amended complaint, which was for a judgment declaring that any deed held by Zangre is null and void, and does not transfer title to the subject property to Zangre. The Supreme Court denied that branch of the motion on the ground that the plaintiff failed to

establish, prima facie, that Zangre was not a bona fide purchaser for value. The plaintiff appeals.

A purchaser of real property who has actual knowledge of a pending lawsuit with respect to the property is bound by the consequences of that lawsuit (*see Da Silva v Musso*, 76 NY2d 436, 439 [1990]; *Marcus Dairy v Jacene Realty Corp.*, 298 AD2d 366, 367-368 [2002]), except in circumstances not relevant in this case (*cf. Da Silva v Musso*, 76 NY2d at 440). Here, contrary to the Supreme Court's determination, the plaintiff established his prima facie entitlement to judgment as a matter of law on the fourth cause of action in his amended complaint by demonstrating, among other things, that Zangre knew of this action before he purchased the subject property from the Capozellos (*see 142-82 Rockaway Blvd. Corp. v Feshold*, 243 AD2d 435, 437 [1997]; *cf. Serota v Power House Realty Corp.*, 274 AD2d 427, 427 [2000]). In opposition, the Capozellos and Zangre failed to raise a triable issue of fact. Accordingly, because Zangre is charged with the knowledge that the Capozellos did not possess title to the property and could not convey title to him, that branch of the plaintiff's motion should have been granted (*see Matter of King*, 261 AD2d 402, 402 [1999]).

We therefore remit the matter to the Supreme Court, Suffolk County, for further proceedings on the plaintiff's remaining causes of action and the counterclaims, and for the entry thereafter of a judgment, inter alia, declaring that any deed held by Zangre is null and void, and does not transfer title to the subject property to Zangre (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.