Korn v Sacco & Fillas LLP (2020 NY Slip Op 07707)





Korn v Sacco & Fillas LLP


2020 NY Slip Op 07707


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 650538/18 Appeal No. 12711 Case No. 2019-03665 

[*1]Dr. Jonathan Korn, Plaintiff-Respondent,
v
Sacco & Fillas LLP, Defendant-Appellant.


Aydiner PC, Mineola (Si Aydiner of counsel), for appellant.
Solomon & Cramer LLP, New York (Andrew T. Solomon of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about August 2, 2019, which, inter alia, granted plaintiff's motion for summary judgment on his conversion claim and awarded him the principal amount of $53,300, plus interest, costs and fees, and order, same court and Justice, entered on or about June 8, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for sanctions pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.
Plaintiff prima facie established entitlement to judgment as a matter of law on his claim for conversion, based upon an assignment agreement he entered into with defendant's client, giving him a possessory interest in a portion of any settlement proceeds obtained in a personal injury action. Despite defendant law firm's knowledge of the agreement, it distributed all settlement proceeds and refused to pay plaintiff (see Swift Funding, LLC v Isacc, 144 AD3d 471, 472 [1st Dept 2016]; Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 AD2d 384, 385 [1st Dept 1992]).
The court providently exercised its discretion in imposing sanctions against defendant under 22 NYCRR 130-1.1, in the amount of $1,500 for plaintiff's attorney fees and costs, and $5,000 to the Lawyer's Fund for Client Protection, due to multiple acts of frivolous and dilatory litigation tactics (see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). Most notably, defendant submitted three consecutive applications seeking to stay enforcement of the court's summary judgment order. After defendant's initial application was denied by this Court, it sought a stay from the motion court without sufficiently informing it of this Court's denial of relief. When the motion court also declined a stay, defendant again sought interim relief from this Court (see Gassab v R.T.R.L.L.C., 69 AD3d 511, 513 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020