Martin v Seeley (2021 NY Slip Op 00727)





Martin v Seeley


2021 NY Slip Op 00727


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


876 CA 20-00406

[*1]JEFFREY P. MARTIN AND MICHELE R. MARTIN, PLAINTIFFS-RESPONDENTS,
v
WILLARD L. SEELEY, DORIS J. SEELEY AND TODD T. SCHILLING, DEFENDANTS-APPELLANTS. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LILLENSTEIN & PFEIFFER, DELEVAN (RAYMOND M. PFEIFFER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered August 23, 2019. The judgment, insofar as appealed from, denied the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration adjudicating their right of first refusal with respect to a 1.9-acre parcel of land located on Hanover Road in Silver Creek (the premises). Defendants appeal from a judgment denying their cross motion for summary judgment dismissing the complaint and declaring the right of first refusal to be null and void. We affirm.
In July 2009, plaintiffs contracted to purchase from defendant Willard L. Seeley and defendant Doris J. Seeley (Seeley defendants) a home with approximately 3.5 acres of land on Hanover Road. Included in the purchase contract, an addendum to that contract, and the warranty deed conveying the property from the Seeley defendants to plaintiffs was a right of first refusal on the premises, which the Seeley defendants had retained, and which is adjacent to the property purchased by plaintiffs. As set forth in the deed, plaintiffs' right of first refusal would be triggered upon the Seeley defendants' receipt of a bona fide offer to purchase the premises, which would then require the Seeley defendants to give written notice of the offer to plaintiffs within five days of receiving the offer. Plaintiffs would then have 10 days from receipt of the notice to notify the Seeley defendants of their intent to purchase the premises on at least the same terms and conditions as the bona fide offer. In fall 2017, the Seeley defendants received and accepted an offer from defendant Todd T. Schilling to purchase approximately 10 acres of land, including the premises. In November 2017, defendants' attorney sent written notice of Schilling's offer to plaintiffs at the mailing address listed for them on the 2009 purchase contract and deed, but not to the Hanover Road residence that plaintiffs purchased from the Seeley defendants pursuant to that contract and deed, and the United States Postal Service returned the notice as "not deliverable as addressed." The Seeley defendants sold the premises to Schilling in December 2017.
Defendants contend that the right of first refusal in the deed is void as against the rule against perpetuities as codified in EPTL 9-1.1 (b) because the right of first refusal is not personal to plaintiffs and may be exercised by their heirs and distributees more than 21 years after plaintiffs' deaths. We reject that contention. EPTL 9-1.1 (b) provides that "[n]o estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate and any period of gestation involved." "EPTL 9-1.3 (b) and the common-law rule of construction which it codifies embody the unexceptionable [*2]propositions that parties who make grants of real property interests presumably intend their grants to be effective and that reviewing courts should, if at all possible, avoid constructions which frustrate their intended purposes" (Morrison v Piper, 77 NY2d 165, 173-174 [1990]).
Here, the deed indicates that the right of first refusal is for the benefit of plaintiffs only, and that it may only be exercised by plaintiffs personally (cf. Martinsen v Camperlino, 81 AD3d 256, 258 [4th Dept 2010], lv denied 16 NY3d 708 [2011]). The provision provides, in relevant part, "[t]his [r]ight of [f]irst [r]efusal shall run with the land and inure to and be for the benefit of the [plaintiffs] but not their successors and assigns tenants subtenants licensees mortgagees and possession [sic] and invitees." We reject defendants' contention that plaintiffs' interest could vest in their heirs and distributees more than 21 years after plaintiffs' deaths inasmuch as it would not be possible for the right to vest in plaintiffs' heirs and distributees without also necessarily vesting in their successors and assigns. We note that "[t]here is nothing in the language of the deed—if read as a whole in an effort to discover the purpose sought to be achieved (see Matter of Carmer, 71 NY2d 781, 785 [1988]; Matter of Thall, 18 NY2d 186, 192 [1966])—suggesting that the parties had the intention of creating the invalid remote interests which defendants' construction imputes to them" (Morrison, 77 NY2d at 174). Where, as here, no "contrary intention appears" (EPTL 9-1.3 [a]), we must presume that the parties "intended the [interest] to be valid" (EPTL 9-1.3 [b]; see Sherman v Richmond Hose Co. No. 2, 230 NY 462, 471 [1921]).
Defendants also contend that the right of first refusal is void for lack of consideration because the contract included plaintiffs' purchase of a house for $155,000 and contained no right of first refusal. We reject that contention. A right of first refusal is subject to the statute of frauds, which provides that "[a] contract . . . for the sale[] of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). Contrary to defendants' contention, the purchase contract provided that plaintiffs would receive a single family dwelling, several acres of land, and "the right of first refusal on the open land behind the grapes" for a purchase price of $155,000. The addendum to the purchase contract also provided that "the [c]ontract includes a [r]ight of [f]irst [r]efusal to the Purchasers of vacant land behind the grape vineyards, which are to be retained by the Sellers," and the deed conveying the dwelling, the land, and the right of first refusal expressed consideration "of One and More Dollars ($1.00 & More) lawful money of the United States paid by the Grantees."
We further conclude that defendants are not entitled to summary judgment dismissing the complaint on the ground that plaintiffs failed to exercise their right of first refusal in a timely manner (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to defendants' contention, questions of fact exist whether the Seeley defendants complied with the deed's requirement that they provide written notice to plaintiffs of any bona fide offers to purchase the premises within five days of receipt of the bona fide offer. Although defendants' attorney attempted to send written notice to plaintiffs on November 14, 2017, he sent the notice to a mailing address that was "current" for plaintiffs as of August 31, 2009, rather than to the Hanover Road residence that plaintiffs purchased from the Seeley defendants in August 2009. Consequently, the notice was returned by the post office as "not deliverable as addressed" and "unable to forward." Prior to Schilling's purchase of the premises in December 2017, Willard L. Seeley and Schilling were informed by the attorney who represented both Schilling and the Seeley defendants in the transaction that the notice sent to plaintiffs had been returned as undeliverable, and both Willard L. Seeley and Schilling testified that they knew plaintiffs were living on Hanover Road. Nonetheless, no effort was made to provide notice to plaintiffs at their current known address. Thus, plaintiffs were unaware of Schilling's offer to purchase the premises and they had no opportunity to exercise their right of first refusal. Inasmuch as a plain reading of the purchase contract, the addendum to that contract and the deed, or a simple address search by defendants' attorney, would have verified that plaintiffs had been living at the Hanover Road address since they took possession of that property from the Seeleys in 2009, we conclude that a question of fact exists whether the Seeley defendants complied with the notice requirement in the right of first refusal.
Finally, even assuming, arguendo, that it was reasonable for defendants' attorney, in November 2017, to send notice to plaintiffs' former mailing address after plaintiffs purchased a residence from the Seeley defendants in 2009, we conclude that a question of fact exists whether [*3]the written notice sent on November 14, 2017 was timely. The deed required the Seeley defendants to provide written notice to plaintiffs within five days of receiving an offer, and according to the deposition testimony of defendant Schilling, he made a purchase offer to the Seeley defendants in October and entered into an agreement with them to purchase the premises and other property during the week of October 10-17, 2017, which was approximately one month before defendants' attorney sent notice to plaintiffs' former mailing address.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court