Morin v Morin (2021 NY Slip Op 04973)





Morin v Morin


2021 NY Slip Op 04973


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-05586
 (Index No. 51866/16)

[*1]Louis G. Morin III, etc., appellant, 
v
Louis G. Morin, Jr., etc., et al., respondents, et al., defendants.


Louis G. Morin III, Los Angeles, California, appellant pro se.
Blancato Law Offices, P.C., Tarrytown, NY (Richard T. Blancato of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), entered April 3, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendants Louis G. Morin, Jr., individually and as trustee of the Louis G. Morin, Jr. Revocable Trust, and Louis G. Morin, Jr. Revocable Trust which were for summary judgment on their counterclaim for a judgment declaring that the defendant Louis G. Morin, Jr. Revocable Trust is the owner of the subject property and on the issue of liability on their counterclaim to recover damages for trespass, and denied the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants and dismissing their counterclaims.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Louis G. Morin, Jr., individually and as trustee of the Louis G. Morin, Jr. Revocable Trust, and Louis G. Morin, Jr. Revocable Trust which were for summary judgment on their counterclaim for a judgment declaring that the defendant Louis G. Morin, Jr. Revocable Trust is the owner of the subject property and on the issue of liability on their counterclaim to recover damages for trespass, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, Louis G. Morin III, is the son of the decedent Doris Morin and the defendant Louis G. Morin, Jr. (hereinafter the defendant). The decedent died on December 12, 2015.
On December 16, 1976, the defendant purchased property that would become his and the decedent's marital residence (hereinafter the subject property). The defendant and the decedent were married on February 11, 1977. The defendant conveyed the subject property to himself and the decedent as a tenancy by the entirety on April 22, 1980. The defendant and the decedent then executed a deed dated March 29, 2000, transferring ownership solely to the decedent. This deed was not recorded.
Subsequently, the decedent was a litigant in a series of lawsuits involving, among [*2]others, a local zoning board, relating to the subject property and two adjacent plots that the decedent owned individually (hereinafter the zoning board proceedings). In the zoning board proceedings, the decedent claimed that she owned the subject property with the defendant as tenants by the entirety. The decedent was granted a variance based on the premise that the subject property and the adjacent plots did not have common ownership.
The decedent executed a last will and testament on November 28, 2011, in which she bequeathed her estate to her two children equally and nominated the plaintiff as executor.
On February 8, 2016, after the decedent's death, the defendant conveyed the subject property, by deed, to himself as trustee of the Louis G. Morin, Jr. Revocable Trust (hereinafter the trust). This deed was recorded on February 9, 2016.
On or about February 12, 2016, the plaintiff commenced the instant action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief. The defendant and the trust (hereinafter together the trust defendants) interposed an answer asserting, among other things, counterclaims for a judgment declaring that the trust is the owner of the subject property and to recover damages for trespass.
Following discovery, the trust defendants moved for summary judgment on their counterclaims. The plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the trust defendants and to dismiss their counterclaims.
In an order entered April 3, 2018, the Supreme Court, inter alia, granted those branches of the trust defendants' motion which were for summary judgment on their counterclaim for a judgment declaring that the trust is the owner of the subject property and for summary judgment on the issue of liability on their counterclaim to recover damages for trespass, and denied the plaintiff's cross motion. The plaintiff appeals.
The Supreme Court erred in determining that the plaintiff was judicially estopped from claiming that the decedent's estate owned the subject property. "'The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which it took in a prior proceeding, simply because its interests have changed'" (Pereira v Meisenberg, 183 AD3d 768, 769-770, quoting Moran Enters., Inc. v Hurst, 160 AD3d 638, 639). The decedent, therefore, would be judicially estopped from claiming sole ownership of the subject property based upon her position in the zoning board proceedings. The plaintiff, while in privity with the decedent as the executor of her estate, is not in privity with the decedent in his individual capacity as a beneficiary of the decedent's will (see Estate of Schneider v Finmann, 15 NY3d 306). As such, the plaintiff may raise the issue of the ownership of the subject property in his individual capacity.
The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law on their counterclaim for a judgment declaring that the trust is the owner of the subject property, as there are triable issues of fact as to whether the March 29, 2000 deed was effective. "It is well established that transfer of title is accomplished only by the delivery and acceptance of an executed deed" (McLoughlin v McLoughlin, 237 AD2d 336, 337 [internal quotation marks omitted]). "[R]ecording is not required in order to transfer title to real property" (Matter of Humann, 136 AD3d 1036, 1037 [emphasis added]).
Here, the deed, executed by both the defendant and the decedent, was in the decedent's possession prior to her death. Notwithstanding the decedent's legal arguments to the contrary in the zoning board proceedings, there are triable issues of fact as to whether the decedent did intend for the March 29, 2000 deed to be effective. The decedent referenced that she held title to the subject property in her sole name in a matrimonial action, which was not challenged by the defendant. The decedent also created a deed transferring title from herself to her children in 2003, which was executed but never delivered. Furthermore, the defendant is estopped from denying the truth of a deed that he executed (see Kraker v Roll, 100 AD2d 424, 431).
Moreover, the finding that the plaintiff trespassed on the subject property was premature.
The plaintiff's remaining contentions are without merit or need not be reached in light of our determination.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.

2018-05586 DECISION & ORDER ON MOTION
Louis G. Morin III, etc., appellant, v Louis G. Morin,
Jr., etc., et al., respondents, et al., defendants.
(Index No. 51866/16)

Motion by the appellant to strike the respondents' brief on an appeal from an order of the Supreme Court, Westchester County, entered April 3, 2018, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated July 17, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court