Perri v Case (2022 NY Slip Op 04872)

Perri v Case

2022 NY Slip Op 04872

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

560 CA 21-01255

[*1]MICHAEL PERRI, PLAINTIFF-RESPONDENT,
v
MARK CASE, DOING BUSINESS AS CASE'S MINI STORAGE, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

REFERMAT HURWITZ & DANIEL PLLC, ROCHESTER (JOHN T. REFERMAT OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANTIAGO BURGER LLP, ROCHESTER (FERNANDO SANTIAGO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Ontario County (J. Scott Odorisi, J.), entered August 10, 2021. The order and judgment, among other things, granted in part the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff entered into a lease agreement with defendant Mark Case, doing business as Case's Mini Storage (Case), in which plaintiff held a right of first refusal to purchase the leased premises. Under the terms of that lease provision, Case was obligated to notify plaintiff in writing of the terms of any bona fide offer Case received for the property. Plaintiff thereafter had 10 business days to purchase the property on terms identical to those offered by the third party. Plaintiff commenced this action to enforce that contractual right after Case allegedly entered into a purchase agreement for the property with defendants Brian and Jeffrey Cook (Cook defendants) without notifying plaintiff of the terms of that agreement and without offering plaintiff the right of first refusal. In appeal No. 1, Case appeals from an order and judgment that, inter alia, granted plaintiff's motion for summary judgment on his causes of action for breach of contract and declaratory judgment and on his cause of action for specific performance to the extent that it sought to compel Case to convey a purchase offer to him. In appeal No. 2, Case and the Cook defendants (collectively, defendants) separately appeal from an order denying Case's motion, joined by the Cook defendants, for "leave to reargue and/or renew" their opposition to plaintiff's motion. In appeal No. 3, defendants separately appeal from an order that, inter alia, granted in part plaintiff's motion seeking to hold Case in contempt—i.e., for failing to comply with the order and judgment in appeal No. 1—by granting that motion to the extent that it sought to hold Case in civil contempt.
Addressing first appeal No. 1, we note as an initial matter that the record does not contain a notice of appeal from the order and judgment with respect to the Cook defendants and, thus, the Cook defendants' contentions pertaining to the order and judgment are not properly before us (see GRJH, Inc. v 3680 Props., Inc., 179 AD3d 1177, 1178 [3d Dept 2020]; Hageman v Santasiero, 277 AD2d 1049, 1049-1050 [4th Dept 2000]; see also Gassab v R.T.R.L.L.C., 69 AD3d 511, 512 [1st Dept 2010]; see generally 22 NYCRR 1250.7 [b] [4]).
We reject Case's contention that Supreme Court erred in granting plaintiff's motion for summary judgment on his breach of contract and declaratory judgment causes of action against Case and on the specific performance cause of action to the extent that it sought to compel Case to convey a purchase offer to him. "A right of first refusal is a right to receive an offer, and the [*2]grantor's failure or refusal to extend the holder the opportunity to exercise the right constitutes a breach" (Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 60 [2003]). "A rightholder may be familiar with the broad contours of the grantor's transaction with a third party, but may nevertheless be handicapped in exercising the right when there is no specific offer from the grantor" (id.). Here, plaintiff submitted in the support of his motion the lease agreement containing the right of first refusal provision requiring Case to give plaintiff the right of first refusal in the event of a sale of the property. Moreover, it is undisputed that, prior to the prospective sale to the Cook defendants, Case failed to notify plaintiff of the prospective sale as required under the agreement, including its specific terms, and thus failed to extend to plaintiff the opportunity to exercise his right of first refusal. Thus, we conclude that, contrary to Case's contention, plaintiff met his initial burden on his motion of establishing that Case breached the terms of the right of first refusal of the lease agreement (see generally id.; Amalfi, Inc. v 428 Co., Inc., 153 AD3d 1610, 1611 [4th Dept 2017]; Alford v Estate of Wrench, 172 AD2d 965, 966 [3d Dept 1991], lv denied 78 NY2d 858 [1991]). In opposition, Case failed to raise a triable issue of fact. To the extent that Case contends that he raised triable issues of fact whether plaintiff waived the right of first refusal by sending a nonconforming offer after he apparently learned of the Cook defendants' purchase offer and whether plaintiff was ready, willing and able to perform, we reject those contentions. Inasmuch as plaintiff was not afforded the notice and offer as required from Case in the first instance, Case's submissions do not raise a triable issue of fact in those respects (see generally Horst v City of Syracuse, 191 AD3d 1297, 1301 [4th Dept 2021]).
Case also failed to raise a triable issue of fact whether the right of first refusal is void for lack of consideration or ambiguity in its terms. A right of first refusal is subject to the statute of frauds, which provides that "[a] contract . . . for the sale . . . of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged" (General Obligations Law § 5-703 [2]). Contrary to Case's contention, the lease agreement's preamble recited the consideration to be given by plaintiff, which covered the right of first refusal clause (see generally Martin v Seeley, 191 AD3d 1335, 1337-1338 [4th Dept 2021]; Loika v Howard, 103 AD2d 874, 875 [3d Dept 1984]), and the right of first refusal was unambiguous as to Case's obligation to provide the written offer (see generally First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc., 55 AD3d 1264, 1266 [4th Dept 2008], lv denied in part and dismissed in part 12 NY3d 829 [2009]).
We conclude that appeal No. 2 must be dismissed (see Angelhow v Chahfe, 174 AD3d 1285, 1288 [4th Dept 2019]). Although the motion at issue in that appeal sought "leave to reargue and/or renew" with respect to plaintiff's prior motion for summary judgment, defendants failed to offer new facts that were unavailable at the time of plaintiff's prior motion. Thus, the motion for "leave to reargue and/or renew" was actually one for leave to reargue only, and no appeal lies from an order denying such a motion (see id.; Hill v Milan, 89 AD3d 1458, 1458 [4th Dept 2011]).
Finally, in appeal No. 3, the Cook defendants' appeal must be dismissed inasmuch as they are not aggrieved by the order in that appeal (see CPLR 5511; Matter of Guck v Prinzing, 100 AD3d 1507, 1508 [4th Dept 2012], lv denied 21 NY3d 851 [2013]). We reject Case's contention that the court erred in granting plaintiff's motion to the extent that it sought to hold Case in civil contempt. Plaintiff established by clear and convincing evidence that there was a lawful and unequivocal court order that required Case to extend plaintiff an offer to purchase the property; that Case disobeyed the order; that Case had knowledge of the order; and that plaintiff was prejudiced by Case's failure to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Riccelli Enters., Inc. v State of N.Y. Workers' Compensation Bd., 142 AD3d 1352, 1353-1354 [4th Dept 2016]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court