WBXB, LLC v Rosswaag (2023 NY Slip Op 02708)

WBXB, LLC v Rosswaag

2023 NY Slip Op 02708

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-07482
 (Index No. 619437/18)

[*1]WBXB, LLC, respondent, 
v
Gilla Rosswaag, et al., appellants (and a third-party action).

Law Offices of David P. Fallon PLLC, Sayville, NY, for appellants.
Robert J. Del Col (John Scott Prudenti, Center Moriches, NY, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of an option to purchase real property, the defendants appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated September 9, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion, which was denominated as one for leave to renew, but was, in actuality, one for leave to reargue its opposition to that branch of the defendants' prior motion which was, in effect, for summary judgment declaring that the purchase option was invalid and unenforceable, which had been granted in an order of the same court dated May 11, 2020, and, upon reargument, in effect, vacated the determination in the order dated May 11, 2020, and thereupon, denied that branch of the defendants' prior motion, and granted that branch of the plaintiffs' motion which was for leave to amend the complaint to add causes of action alleging fraudulent conveyance and for a declaratory judgment and the imposition of constructive trust.
ORDERED that the order dated September 9, 2020, is affirmed insofar as appealed from, with costs.
In October 2018, the plaintiff commenced this action against the defendants Gilla Rosswaag, Susan Lodato, and Skippers Cottages, LLC (hereinafter the LLC), inter alia, for specific performance of an option to purchase certain real property in Hampton Bays (hereinafter the premises) pursuant to a written agreement entered into between Rosswaag and the plaintiff in January 2017 (hereinafter the January 2017 agreement). The plaintiff alleged, inter alia, that a conveyance in January 2017 by Rosswaag of her interest in the premises to the LLC violated the terms of the January 2017 agreement which required Rosswaag to own a 50% interest in the premises. The plaintiff sought, inter alia, a judgment declaring its rights to the property as holder of the purchase option according to the terms of the January 2017 agreement. The defendants answered the complaint and subsequently moved, inter alia, in effect, for summary judgment declaring that the purchase option in the January 2017 agreement was invalid and unenforceable. The plaintiff opposed. By order dated May 11, 2020 (hereinafter the May 2020 order), the Supreme Court, inter alia, granted that branch of the defendants' motion.
Thereafter, the plaintiff made a motion, inter alia, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue its opposition to that branch of the [*2]defendants' prior motion which was, in effect, for summary judgment declaring that the purchase option in the January 2017 agreement was invalid and unenforceable, and for leave to amend the complaint to add causes of action alleging fraudulent conveyance and for a declaratory judgment and the imposition of constructive trust. The defendants opposed. By order dated September 9, 2020, the Supreme Court granted reargument, and, upon reargument, in effect, vacated the determination in the May 2020 order granting that branch of the defendants' prior motion, and thereupon, denied that branch of the defendants' prior motion. The court also granted that branch of the plaintiff's motion which was for leave to amend the complaint. The defendants appeal.
A motion for leave to reargue "shall be identified specifically as such" and "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][1],[2]). Contrary to the defendants' contention, that branch of the plaintiff's motion, which was denominated as one for leave to renew (see CPLR 2221[e]), was properly treated by the Supreme Court as one for leave to reargue the plaintiff's opposition to that branch of the defendants' prior motion (see CPLR 2221[d]; HSBC Bank USA, N.A. v Michalczyk, 211 AD3d 914, 918).
"An option to purchase land 'grants to the holder the power to compel the owner of property to sell it whether the owner is willing to part with ownership or not'" (Bleecker St. Tenants Corp. v Bleeker Jones LLC, 16 NY3d 272, 276, quoting Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 163). "If the option to purchase does not comply with the rule against perpetuities, that interest could be exercised, or vest, at a time remote to the acquisition of such right" (Bleecker St. Tenants Corp. v Bleeker Jones LLC, 16 NY3d at 276). "Underlying both early and modern rules restricting future dispositions of property is the principle that it is socially undesirable for property to be inalienable for an unreasonable period of time" (Symphony Space v Pergola Props., 88 NY2d 466, 475). "In New York, the rules regarding suspension of the power of alienation and remoteness in vesting—the [r]ule against [p]erpetuities—have been statutory since 1830" (id. at 475). The rule against remoteness of vesting found in EPTL 9-1.1(b) provides that "[n]o estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate and any period of gestation involved. In no case shall lives measuring the permissible period of vesting be so designated or so numerous as to make proof of their end unreasonably difficult."
This Court must give effect to the presumption that the parties to the January 2017 agreement intended the interest to be valid (see Morrison v Piper, 77 NY2d 165, 174; EPTL 9-1.3 [b]). "[W]here an [agreement] contains contradictory phrases, one of which is valid under the [r]ule [against perpetuities] . . . the court will adopt the construction validating the disposition" (Symphony Space v Pergola Props., 88 NY2d at 482 [internal citations omitted]). Here, paragraph 5 of the January 2017 agreement, which provided that the plaintiff shall have the right to purchase Rosswaag's 50% interest in the premises "during [Rosswaag's] lifetime," was of limited duration (see Morrison v Piper, 77 NY2d at 171; Reynolds v Gagen, 292 AD2d 310), and thus, did not violate the rule against perpetuities.
Although the plaintiff conceded that paragraph 7 of the January 2017 agreement violates the rule against perpetuities, contrary to the defendants' contention, the intent of the agreement can be effectuated without the offending paragraph 7 as the purchase option in paragraph 5 expressly is limited in duration (see Symphony Space v Pergola Props., 88 NY2d at 482; Morrison v Piper, 77 NY2d at 174).
Accordingly, upon reargument, the Supreme Court properly, in effect, vacated the determination in the May 2020 order granting that branch of the defendants' prior motion, and thereupon, denied that branch of the defendants' prior motion.
The Supreme Court also properly granted that branch of the plaintiff's motion which was for leave to amend the complaint (see CPLR 3025). Leave to amend a pleading should be freely [*3]granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (see CPLR 3025[b]; Negvesky v United Interior Resources, Inc., 32 AD3d 530, 531). Here, the defendants failed to make a showing of significant prejudice and the allegations in the amended complaint are not palpably insufficient or devoid of merit (see Commonwealth Land Title Ins. Co. v Sienna Abstract LLC, 136 AD3d 965, 966).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court