Citimortgage, Inc. v Onua (2023 NY Slip Op 03761)

Citimortgage, Inc. v Onua

2023 NY Slip Op 03761

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-02168
 (Index No. 9640/11)

[*1]Citimortgage, Inc., plaintiff-respondent, 
v
Anthony Onua, defendant-respondent, Joslet Foster Corp., appellant, et al., defendants.

Kudman Trachten Aloe Posner, LLP, New York, NY (Paul H. Aloe, Francis M. Curran, and David N. Saponara of counsel), for appellant.
Regenbaum Arciero McMillan & Burgess, P.C., New Windsor, NY (Veronica A. McMillan of counsel), for plaintiff-respondent.
Madu, Edozie & Madu, P.C., Bronx, NY (Uche Emelumadu of counsel), for defendant-respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property and for declaratory relief, the defendant Joslet Foster Corp. appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 2, 2019. The order, insofar as appealed from, (1) granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Joslet Foster Corp., declaring that the defendant Anthony Onua is the fee owner of the subject property and that a deed dated March 10, 2011, purporting to convey title to the subject property from the defendant Joslet Foster to the defendant Joslet Foster Corp. is null and void, and directing the Office of the City Register of the City of New York to accept for recording a deed dated February 14, 2008, conveying title to the subject property from the defendant Joslet Foster to the defendant Anthony Onua, with the same force and effect as if the original had been recorded, and (2) denied the cross-motion of the defendant Joslet Foster Corp. to vacate an automatic stay of discovery imposed by CPLR 3214(b) and to compel the defendant Anthony Onua to produce certain discovery.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
In a deed dated February 14, 2008, the defendant Joslet Foster conveyed title to certain real property located in Brooklyn (hereinafter the property) to the defendant Anthony Onua (hereinafter the Onua deed). On the same date, Onua executed a mortgage (hereinafter the Onua mortgage) in favor of the plaintiff encumbering the property. The Onua deed and the Onua mortgage were not recorded. In a deed dated March 10, 2011, Foster purportedly conveyed the property to the defendant Joslet Foster Corp. (hereinafter JFC) for no consideration (hereinafter the JFC deed). The JFC deed was recorded in March 2011.
In April 2011, the plaintiff commenced this action, inter alia, to quiet title to the property and for a judgment declaring that Onua is the fee owner of the property and that the JFC deed is null and void. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against JFC, declaring that Onua is the fee owner of the property and that the JFC deed is null and void, and directing the Office of the City Register of the City of New York (hereinafter the Office of the City Register) to accept the Onua deed for recording with the same force and effect as if the original had been recorded. JFC cross-moved to vacate an automatic stay of discovery imposed by CPLR 3214(b) and to compel Onua to produce certain discovery. In an order dated October 2, 2019, the Supreme Court granted the plaintiff's motion and denied JFC's cross-motion. JFC appeals.
Contrary to JFC's contention, the Supreme Court providently exercised its discretion in denying its cross-motion to vacate the automatic stay of discovery pending determination of the motion for summary judgment and to compel additional disclosure, since JFC offered only speculation that additional discovery might reveal materials helpful to opposing the plaintiff's motion (see Auerbach v Bennett, 47 NY2d 619, 636; Capasso v Capasso, 84 AD3d 997).
Furthermore, the Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against JFC. The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, among other things, a copy of the Onua deed with a certificate of acknowledgment, an affidavit of Onua averring that Foster transferred title to the property to him by that deed, and an affidavit of the title closer for the transfer of title to Onua averring that he was present at the closing and notarized the signatures of Onua and Foster on the closing documents (see Argent Mtge. Co., LLC v 35 Plank Rd. Realty Corp., 131 AD3d 909, 909-910). The mere fact that the Onua deed was not recorded did not preclude that deed from being given effect, as recording is not required to transfer title to real property (see Matter of Humann, 136 AD3d 1036, 1037). Moreover, the plaintiff established, prima facie, that the JFC deed was void, since Foster had no interest in the property to convey at the time she executed the JFC deed purportedly conveying the property to JFC (see Bouffard v Befese, LLC, 111 AD3d 866, 870). Further, while the New York Recording Act (Real Property Law § 290 et seq.) "protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961 [internal quotation marks omitted]), the plaintiff established, prima facie, that JFC was not a good faith purchaser for value, because Foster's purported transfer of title to the property to JFC was for no consideration and because JFC, which was Foster's corporate entity, possessed actual knowledge that Foster had previously conveyed the property to Onua (see DeMaio v Capozello, 124 AD3d 823, 824). In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, JFC failed to raise a triable issue of fact.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Anthony Onua is the fee owner of the subject property and that the JFC deed is null and void (see Lanza v Wagner, 11 NY2d 317, 334). In addition, the court is to direct the Office of the City Register to accept for recording the Onua deed with the same force and effect as if the original had been recorded (see 23A Vernon, LLC v Oneal, 197 AD3d 1224, 1225).
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court