Block 865 Lot 300, LLC v Baione (2024 NY Slip Op 04189)

Block 865 Lot 300, LLC v Baione

2024 NY Slip Op 04189

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2019-11858
 (Index No. 101809/14)

[*1]Block 865 Lot 300, LLC, appellant, 
v
Juliet F. Baione, et al., defendants, Vincent A. Piccone, Jr., respondent.

Avery J. Gross, Staten Island, NY, for appellant.

DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 15, 2019. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of the same court (Alan C. Marin, J.) dated August 22, 2018, after a framed-issue hearing, determining that the defendant Chris Agoliati held a one-eighth interest in the subject property and granting that branch of the motion of the defendants Chris Agoliati, Vincent A. Piccone, Jr., and Colleen Piccone which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated August 15, 2019, is modified, on the law, by deleting the provision thereof, upon renewal and reargument, adhering to so much of the determination in the order dated August 22, 2018, as granted that branch of the motion of the defendants Chris Agoliati, Vincent A. Piccone, Jr., and Colleen Piccone which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and substituting therefor a provision, upon renewal and reargument, vacating that portion of the order dated August 22, 2018, and thereupon denying that branch of the motion; as so modified, the order dated August 15, 2019, is affirmed insofar as appealed from, without costs or disbursements.
In 1966, the subject property was conveyed to eight individuals as tenants in common. The 1966 deed provided, inter alia, that, in the event "a grantee herein desires to dispose of or transfer his [or her] right, title, or interest, . . . he or she shall offer such right, title or interest collectively to all the other grantees under a 30-day option at a price not exceeding the initial cost of the same to him or her." It is not disputed that Leonard T. Dusold and Barbara Dusold (hereinafter together the Dusolds) jointly acquired a one-eighth interest in the property in 1984.
On August 19, 1992, the Dusolds executed a deed conveying their interest in the property to Richard P. Makarski (hereinafter the Makarski deed), which was never recorded. On the same day, Makarski and the defendant Chris Agoliati signed an agency agreement, which provided that Makarski would purchase a one-eighth interest in the property using funds advanced by Agoliati and that Makarski would hold title in his name, only as a nominal title holder, until directed otherwise by the principal.
In a letter dated June 25, 2014, counsel for the plaintiff, Block 865 Lot 300, LLC, issued a letter to the Dusolds, stating that "[t]he Richmond County Clerk's records indicate that, in [*2]1984, you acquired a one-eighth interest in [the] property" and requesting that the Dusolds "advise as to the name and contact information of the person(s) to whom [they] may have transferred [their] interest or whether [they] may still have title." On the same day, the plaintiff's counsel issued a letter to Agoliati, stating that Agoliati "(or [his] agent, Richard Makarski) may have an interest and/or may be in possession of a deed to a small, fractional interest in [the] property" and indicating that the plaintiff's principals may be interested in purchasing Agoliati's interest in the property if he could provide "a copy of that deed or otherwise establish [his] ownership rights." In an email dated August 11, 2014, to the plaintiff's counsel, Agoliati stated that he was "in possession of a deed with a [one-eighth] title interest" and offered to sell his interest or to purchase the plaintiff's interest in the property. In September 2014, the Dusolds executed a second deed, conveying "their entire interest in the property" to the plaintiff.
In November 2014, the plaintiff commenced this action, inter alia, for the partition and sale of the property, alleging that the plaintiff owned an undivided seven-eighth interest in the property and that the defendants Juliet F. Baione, Dominick L. Baione, and Mary A. Baione (hereinafter collectively the Baiones), jointly owned the remaining one-eighth interest. The defendants Vincent A. Piccone, Jr., and Colleen Piccone (hereinafter together the Piccones) interposed an answer. Agoliati separately interposed an answer, asserting counterclaims. Agoliati's fifth counterclaim, to quiet title, alleges that he purchased a one-eighth interest in the property in 1992, that the plaintiff had actual notice of Agoliati's interest in the property, and that the Dusolds' purported conveyance to the plaintiff in 2014 was a fraudulent transfer.
The Piccones and Agoliati (hereinafter together the moving defendants) jointly moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground, among others, that partition was unavailable due to the covenant in the 1966 deed granting a right of first refusal. Following a framed-issue hearing on the issue of title, in an order dated August 22, 2018, the Supreme Court (1) determined that the plaintiff held a six-eighth interest in the property and that Agoliati and the Baiones each held a one-eighth interest in the same, and (2) granted that branch of the moving defendants' motion which was to dismiss the complaint insofar as asserted against them.
Thereafter, the plaintiff moved, among other things, for leave to renew and reargue its opposition to that branch of the moving defendants' motion which was to dismiss the complaint insofar as asserted against them. In an order dated August 15, 2019, the Supreme Court, inter alia, upon renewal and reargument, adhered to the prior determination. The plaintiff appeals.
"It is well established that transfer of title is accomplished only by the delivery and acceptance of an executed deed" (Morin v Morin, 197 AD3d 1171, 1173 [internal quotation marks omitted]; see Real Property Law § 244; Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372). "A deed is presumed to have been 'delivered and accepted at its date,' although the presumption must yield to opposing evidence" (Matter of Humann, 136 AD3d 1036, 1036, quoting M & T Real Estate Trust v Doyle, 20 NY3d 563, 568). "[R]ecording is not required in order to transfer title to real property" (id. at 1037; see Morin v Morin, 197 AD3d at 1173).
Furthermore, "[u]nder the statute of frauds, a contract for the sale of real property must be evidenced by a writing" (Cohen v Holder, 204 AD3d 973, 975; see General Obligations Law § 5-703[1]). "To satisfy the statute of frauds, a writing evidencing a contract must identify the parties, describe the subject matter, be signed by the party to be charged, and state all of the essential terms of an agreement" (O'Hanlon v Renwick, 166 AD3d 890, 891). The "writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone. If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available" (O'Brien v West, 199 AD2d 369, 370 [citation omitted]; see Checkla v Stone Meadow Homes, 280 AD2d 510, 510-511).
Here, the evidence presented at the framed-issue hearing, including the Makarski deed and the agency agreement signed by Agoliati and Makarski, demonstrated that Agoliati held a one-eighth interest in the subject property (see Citimortgage, Inc. v Onua, 218 AD3d 528, 530). Contrary [*3]to the plaintiff's contention, Agoliati's testimony that the Makarski deed was variously in his and his former wife's possession was not sufficient to overcome the presumption of delivery (see Matter of Humann, 136 AD3d at 1037; cf. Morin v Morin, 197 AD3d at 1173). Moreover, the record demonstrates that the deed purportedly conveying the Dusolds' interest in the property to the plaintiff was void, since the Dusolds had no interest in the property to convey at the time they executed that deed (see Citimortgage, Inc. v Onua, 218 AD3d at 530). "[W]hile the New York Recording Act (Real Property Law § 290 et seq.) 'protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded'" (id., quoting 436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961), the plaintiff was not a good faith purchaser for value because the plaintiff's principals and counsel had actual notice of Agoliati's interest in the property (see id.; DeMaio v Capozello, 124 AD3d 823, 824). Accordingly, the Supreme Court properly determined that Agoliati owned an undivided one-eighth interest in the property.
However, the Supreme Court, upon renewal and reargument, should have denied that branch of the moving defendants' motion which was to dismiss the complaint insofar as asserted against them. "A right of first refusal . . . is a preemptive or contractual right to 'receive an offer'" (Peters v Smolian, 154 AD3d 980, 982-983, quoting Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 60). "[I]t is a restriction on the power of one party to sell without first making an offer of purchase to the other party upon the happening of a contingency" (LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 60). A reasonable, valid, and enforceable right of first refusal constitutes a good defense to a partition action (see Chew v Sheldon, 214 NY 344, 348-349; Tramontano v Catalano, 23 AD2d 894, 895). However, with narrow exceptions not applicable here, rights of first refusal are subject to the rule against perpetuities and are thus invalid if it is possible for the future interests they represent to vest outside the prescribed time period (see EPTL 9-1.1[b]; Morrison v Piper, 77 NY2d 165, 173; Kozak v Porada, 154 AD3d 1242, 1243).
Here, the 1966 deed demonstrates that the right of first refusal was for the benefit of the original grantees only (see Martin v Seeley, 191 AD3d 1335, 1337). Moreover, to the extent that the surrounding circumstances demonstrate an intent that the covenant should run with the land (see Jennings Beach Assn. v Kaiser, 145 AD2d 607, 608), the restriction would violate the rule against perpetuities (see EPTL 9-1.1[b]; Morrison v Piper, 77 NY2d at 171-174; Kozak v Porada, 154 AD3d at 1244; Martinsen v Camperlino, 81 AD3d 256, 259; cf. WBXB, LLC v Rosswaag, 216 AD3d 1053, 1056; Martin v Seeley, 191 AD3d at 1337).
In light of the foregoing, the plaintiff's remaining contention need not be reached.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court